No. 53.—Southern J. Higgs, plaintiff in error, *vs.* Thomas R. Huson and The Justices of the Inferior Court of Cass County, defendants.

[1.] Under the Act of February, 1850, all defects in the bill of exceptions, writ of error and citation, may be amended *instanter*, and without costs, in conformity with the record of the cause below.

[2.] Affidavits of illegality are, upon motion and leave had, amendable *instanter*, by the insertion of new and independent grounds, provided the defendant will swear that he did not know of such grounds when the affidavit was filed.

[3.] Upon the trial of an illegality, the proof must be confined to the grounds taken in the affidavit.

[4.] The ordinary returns of a Sheriff, on process in his hands, are not traversable.

[5.] When a defendant is arrested and confined under a *ca. sa.* the fact of giving bond to appear and take the benefit of the Insolvent Debtor's Act, does not, in Law, discharge his property from execution under a *fi. fa.*

Application for certiorari.  Before Judge Wright, at Chambers, 24th January, 1850.

On the 4th June, 1844, a *fi. fa.* at the instance of Thomas R. Huson *vs.* Southern J. Higgs, was issued, returnable to the Inferior Court of Cass County.  On 1st August, 1849, it was levied on a negro, as the property of defendant.  To this *fi. fa.* an affidavit of illegality was filed, on the ground, " that on 3d December, 1841, the defendant was arrested on a *ca. sa.* issued from the judgment on which this *fi. fa.* is founded, and was duly confined in the common jail, and thence discharged, by giving bond and security for his appearance at May Term of the Inferior Court, 1842, to take the benefit of the Honest Debtor's Act, and that he was discharged from the arrest, under and by virtue of the laws of the land, in such cases made and provided; which is a complete discharge of the judgment."

At the November Term of the Inferior Court of Cass County, 1849, Higgs, by his counsel, moved to amend the affidavit of illegality, by inserting, that the discharge from arrest, under the *ca. sa.* was with the consent and by the order of the counsel of the plaintiff; which motion was refused by the Court.  The defendant then proposed to prove this fact, which was also refused.  The

defendant then proposed to prove that an entry made on the *ca. sa.* dated 4th June, 1844, by R. M. Linn, then Sheriff of Cass County, as follows : " The defendant discharged from the above arrest, by order of the plaintiff's attorney, without having paid the debt," was a false entry, and that in fact defendant was discharged more than three years before that time, and before Linn was elected Sheriff; which motion the Court overruled.

On 24th January, 1850, the defendant below—Southern J. Higgs—applied to His Honor, Judge WRIGHT, for a writ of certiorari, to be directed to the Inferior Court, on the ground of error in the decisions above stated. The writ being refused, the decision of Judge WRIGHT is assigned as error.

MILNER, for plaintiff in error, cited the following authorities :

3 *Bl. Com.* 313, 347, 83, 321.    1 *Bos. & Pul.* 428.    *Prince,* 431. 4 *Burr.* 2482.    6 *Term Rep.* 525, 526.    7 *Ib.* 420.    *Tidd's Pr.* 1069.    *Jacob's Law Dic.* 394.    1 *Term Rep.* 557.

AKIN, for defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] Exception was taken in this case to the pleadings. Upon a petition for a certiorari to the Inferior Court, Judge WRIGHT refused the writ. Upon a bill of exceptions, taken to his judgment thereon, the Justices of the Inferior Court are made parties to the bill, the writ of error and the citation. The exception is, that the joinder of the Justices is fatal to the whole case. Not so, even before the Act of the last Legislature. The record explains the whole case. From that, it appears to us that they have no interest in the cause, being judicial officers who tried the cause. That they are improper parties, is clear ; but the pleadings may be amended by striking them out. Their names are merely surplusage. The case is well brought up without them—the pleadings are complete without them. Removing them from the record does not affect, in any way, the rights of the real parties.

The Act of 23d February, 1850, was brought before this Court, and a construction of it asked. It is a very unique little specimen of legislation, and illustrates, in a striking way, the *accidents*

to which law-making is incident. The caption is "An Act in re-
lation to the Supreme Court of this State," and the preamble is
in the following words : "Whereas, it is essential to the proper
administration of the law, that the sessions of the Supreme Court
be held at such places as will afford the Judges the use of compe-
tent libraries, which is not the case under existing laws ; for rem-
edy whereof, be it enacted," &c. The evil which this preamble
recites is, that the Supreme Court sessions are at places where
they have not access to libraries, and to remedy this evil, the Leg-
islature proceed to enact "That all bills of exceptions, writs of
error and citations in or from the Supreme Court, shall be amend-
able, without delay or costs, in conformity with the record of the
cases below ;" and "That the Clerk of the Superior Court shall,
in all cases, retain the bill of exceptions in his office, and send up
a copy thereof to the Supreme Court, as a part of the transcript
of the record, and no cost shall be charged in the Supreme Court
for a copy of the bill of exceptions."

The antagonism between the preamble and the body of the Act,
is as perfect as ingenuity could make it. The variance is so pe-
culiarly perfect, as to become ludicrous. Were the variance be-
tween the *title* and the body of the Act, it would make it void, for
unconstitutionality. There is no constitutional prohibition, how-
ever, against a variance between the Act and its *preamble.* By
this Act, bills, writs and citations are amendable, without delay
or costs, in conformity with the record of the case below. Un-
der this Act, all defects in the pleadings are amendable, in con-
formity to the record. Such is our construction of the Act, and
we shall cheerfully give effect to the legislative will.

[2.] It is claimed, first, that the presiding Judge erred in refu-
sing to hold that the affidavit of a defendant in execution, upon the
trial of an illegality, is amendable. In all the Courts of this State,
the most liberal practice, as to the amendment of pleadings, ob-
tains. In accordance with the policy of our legislation upon this
subject, we do not see why the affidavit may not be amended.
Almost any defect in pleadings is amendable in the Courts of
Georgia, from the highest to the lowest. Our proceeding by il-
legality is a substitute for the old Common Law writ of *audita
quereta.* That was in the nature of a bill in Equity. Bills in Equi-
ty are amendable in almost every stage of the proceeding. Ille-
galities are equitable proceedings—at least in the nature of equi-

table proceedings.   We have held that a second affidavit of illegality cannot be put in.   That is not the same thing with amending one already in.   The former involves additional delay to the plaintiff in execution, in collecting his money; the latter does not. No service, or notice of the illegality, is required.   An amendment, *instanter*, is no more a surprise upon the plaintiff, than was the affidavit itself.   If the Statute authorizes the issue on an affidavit of illegality, without previous notice, why not authorize an amendment without notice?   We hold the affidavit amendable, but not in every particular, or unconditionally.   A defendant, for example, cannot so amend as to contradict or qualify the affidavit filed.   This would defeat the objects and policy of the law against perjury.   Nor can he amend by the addition of new grounds of illegality, known to him at the time of filing his affidavit.

We hold, then, that he may amend at any time, by leave of the Court, by the addition of new and independent grounds; provided that he will swear that he did not know of such grounds when the affidavit was filed.   As he did not so swear, in this case, we shall not, upon this ground, send the cause back.

[3.] The next complaint in this record is, that the Court erred in not holding that it was competent for the defendant to prove that the discharge from his arrest under the *ca. sa.* was with the consent and by the order of the counsel for the plaintiff. Whether a discharge by the *counsel* for the plaintiff, without proof of authority to do so from the plaintiff, would operate as a discharge, we do not decide.   In the affidavit, but one ground of illegality is taken, and that is this, to-wit : the defendant being arrested on a *ca. sa.* for this debt, and being confined in jail, and having given bond and security for his appearance at the next term of the Inferior Court, to take the benefit of the Honest Debtors' Act, *is, by operation of law, discharged from the judgment*.   This is the only ground taken.   This ground is briefly this, to-wit : the giving bond to appear, when under arrest, discharges the debt.   The motion refused was, to prove a discharge by the order and consent of the plaintiff's counsel.   The proof cannot go out of the issue formed on the affidavit.   The defendant is confined to the grounds therein taken.   This additional issue would be by parol—there would be no record of it.   If a departure were allowed as to one, it ought to be allowed as to every objection to the progress of the *fi. fa.*   The end proposed

might be reached, by a motion, upon notice, duly entered upon the minutes, to set aside the judgment. This would be a proceeding, however, independent of the illegality. The Court did not err on this head.

[4.] The next ground is like this last, and cannot be sustained, for the same reasons. The defendant offered to prove that the entry on the *ca. sa.* was *a false entry,* and that, in fact, he had been discharged more than three years previous to the date of that entry. This ground of illegality is not in the affidavit, and could not be proven, for that reason. Besides, an official return of this sort, to-wit, an entry of a Sheriff on a *ca. sa.* or *fi. fa.* is not traversable. The party injured by a false return of this sort, is remitted to his action against the Sheriff. By the Act of 1840, returns made under or by virtue of any rule or order of the Court, and under oath, are traversable. *Hotchkiss,* 527. This Act, as we understand it, does not extend to the ordinary returns made by a Sheriff on processes in his hands.

[5.] The remaining proposition of the plaintiff in error is, that taking the facts stated in the affidavit to be true, the judgment is, in law, discharged : that is, that when a party is arrested under a *ca. sa.* and confined, and gives bond to appear and take the benefit of the Insolvent Debtor's Act, he is, in judgment of law, discharged, and therefore a *fi. fa.* cannot afterwards proceed legally against his property. What else transpired after the giving the bond, the record does not disclose. Our judgment is, that the mere fact of giving the bond for appearance, does not discharge the property of the defendant from liability to execution.

Let the judgment be affirmed.