ROBERT PARKER, plaintiff in error, vs. THOMAS B. JENNINGS, defendant in error.

When there has been no service, the judgment is a nullity, and the defendant can take advantage of it by affidavit of illegality.

Illegality, from Webster county. Decision by Judge KIDDOO, March Term, 1858.

Defendant Parker made an affidavit of illegality to the execution in favor of Jennings against him, that it was pro-

ceeding illegally, because he had no notice of the pendency of the suit upon which the judgment was founded, until execution issued against him; that he resided, at the time the suit was commenced, in Monroe county, and was never legally served.

There was an entry of service on the writ, by the Sheriff, who stated that he left a copy of it at defendant's most notorious place of abode.

Upon motion, the Court dismissed the affidavit of illegality; whereupon, counsel for Parker excepted, and assign error.

TUCKER & BEALL, for plaintiff in error.

B. S. WORRILL, for defendant in error.

*By the Court.*—LUMPKIN J. delivering the opinion.

The single question in this case is, whether, when the defendant has not been served in a case, he can get rid of the judgment by affidavit of illegality.

This Court has repeatedly held, that upon an affidavit of illegality, you cannot go behind the judgment; and moreover, that the validity of the judgment itself cannot be attacked by such a proceeding. But it will be found, upon examination of the cases, it was where the judgment was voidable only, and not absolutely void. Of course, the judgment being good, until set aside, where it is erroneous only, it supported the execution issued on it.

To what issue do the pleadings conduct us ·in this case? The defendant alleges, that the execution is illegal. The plaintiff replies, that it is founded upon a judgment, and conforms to it. The rejoinder is, that the judgment itself is a nullity—the defendant never having been served with process in the case. If this be so, is not the *fi. fa.* illegal? We think so, most clearly. For it is a well settled doctrine, that a judgment without any service is utterly nugatory; and

may be attacked directly or collaterally, and set aside in any Court where it is brought in question; and this Court has never ruled to the contrary.

Judgment reversed