## PHIPPS *v.* ALFORD.

1. Where an action was brought against an executor upon a demand due by his testator, and no defense was made, the judgment was properly entered against the defendant *de bonis testatoris*, and amounted to a conclusive admission of assets on the part of the executor. Execution having issued, a return of *nulla bona* having been made, and a subsequent action upon this judgment having been brought against the executor in his individual capacity, it was too late for him to plead or prove as a defense a want of assets existing at the time when the original suit was brought.
2. Where an action was brought in a justice's court, which after the hearing of evidence was dismissed by the court and an appeal entered by the plaintiff and thereafter dismissed by him, this constituted no bar to bringing a second suit upon the same cause of action. The effect of dismissing the appeal was to leave in force the judgment of dismissal rendered by the justice's court, and that judgment, under the circumstances, was equivalent to a judgment of nonsuit. .

December 21, 1894.

Complaint. Before Judge JONES. City court of De-Kalb county. May term, 1894.

JOHN A. WIMPY, for plaintiff.
GEORGE W. GLEATON, for defendant.

Simmons, Chief Justice.

Alford was sued individually for the amount of a judgment rendered against him as executor of Mrs. Pierce. It appeared from the plaintiff's petition, and from the evidence at the trial, that the defendant was duly appointed executor of Mrs. Pierce, qualified as such and entered upon the administration of the estate; that on April 13, 1893, the petitioner sued him as executor of said estate to the May term, 1893, of a magistrate's court mentioned, for the recovery of $44 and interest due by account against Mrs. Pierce, and on the same day he was legally served; that he failed to file a plea of *plene administravit, plene administravit præter*, or of release to himself, and the magistrate, in June, 1893, gave judgment for the petitioner against him, as such executor, for the amount sued for and costs, to be satisfied by levy and sale of the goods etc. of Mrs. Pierce in the hands of Alford as such executor to be administered; that an execution was issued on this judgment and search made for property on which to levy the *fi. fa.*, but the officer failed to find any property of Mrs. Pierce in the hands of the executor to be administered, and made a return to that effect; and that he subsequently demanded of Alford to point out property belonging to the deceased in his hands to be administered, sufficient to satisfy the *fi. fa.*, but Alford failed and refused to do so.

The defenses set up in this case were, that at the time the judgment above referred to was rendered, the defendant had no property of Mrs. Pierce in his hands, and none had come into his hands since; that he had fully administered the estate on or before May 15th, 1893, and had been on that day discharged as executor of the estate, without any notice of the plaintiff's claim; and that a suit "which involved the same questions as are involved in this case" was brought against the defendant in a magistrate's court, September 20th, 1893,

and was dismissed by the court after hearing evidence, and an appeal taken by the plaintiff, which was subsequently dismissed by him; for which reason this suit should abate.

The court in this case, after hearing the evidence without a jury, rendered judgment in favor of the defendant, and the plaintiff excepted.

1. The executor having failed to defend when sued in his representative character, the judgment in that case was properly entered against him *de bonis testatoris* (Code, §3573), and was conclusive that he then had in his hands assets of the deceased to be administered. It was therefore too late for him to plead or prove, as a defense in the present case, a want of assets existing at the time when the original suit was brought. *Woolfolk* v. *Kyle*, 48 *Ga.* 420; 2 Woerner, American Law of Administration, §382.

2. It was no bar to this action that a suit upon the same cause of action was brought in a justice's court, and was dismissed by the court and an appeal entered and thereafter dismissed by the plaintiff. The effect of dismissing the appeal was to leave in force the judgment of dismissal rendered by the justice's court; that judgment, under the circumstances, was equivalent to a judgment of nonsuit (*Alabama Great Southern R. Co.* v. *Blevins*, 92 *Ga.* 522), and a judgment of nonsuit, as we have repeatedly held, is no bar to a subsequent suit upon the same cause of action. *Smith* v. *Floyd County*, 85 *Ga.* 420, 422, and cases cited; *Alabama Great Southern R. Co.* v. *Blevins, supra.*

3. Under the evidence in this case, the court erred in rendering judgment in favor of the defendant.

*Judgment reversed.*