## JINKS *v.* AMERICAN MORTGAGE COMPANY OF SCOTLAND LIMITED.

1. Where an execution is levied upon the property of the defendant, and at a sale had in pursuance of the levy the property brings a sum equal to or greater than the amount due upon the execution, such sale satisfies the judgment, and the process is thenceforth functus officio, whether marked satisfied or not.

2. An entry by the sheriff upon such execution, stating the facts above indicated, so long as it stands unchallenged upon the record, is presumptively correct; and in the trial of an issue formed upon an affidavit of illegality alleging payment, which was filed to arrest a subsequent levy of the same execution, such entry concludes the plaintiff.

Argued October 18, — Decided November 27, 1897.

Affidavit of illegality. Before Judge Butt. Taylor superior court. April term, 1897.

*Brannon, Hatcher & Martin, O. M. Colbert* and *C. J. Thornton*, for plaintiff in error.

*Anderson, Felder & Davis*, contra.

COBB, J. The American Mortgage Company of Scotland Limited obtained a judgment against Jinks on the 26th day of February, 1890, for $1,200 principal, $226.28 interest, $142.62 attorneys' fees, and $11.75 costs. On October 2, 1890, an execution issued on this judgment was levied upon certain land as the property of the defendent in execution. On the 5th day of December, 1893, the sheriff made the following entry upon the execution: "After duly advertising the within-described levied lands according to law in the Butler Herald newspaper, the official gazette of the county, I this day exposed the same to sale before the court-house door in the town of Butler, Taylor county, Georgia, within the legal hours of sale, and knocked the same off to Austin Corbin for the sum of nineteen hundred dollars, he being the highest and best bidder. This 5th day of December, 1893. C. A. J. Pope, sheriff."

On March 5, 1894, the sheriff levied the execution again upon a part of the property described in the former levy, as well as other property of the defendant. To this levy the defendant interposed an affidavit of illegality, setting up that prior to December 5, 1893, he had paid in cash upon the execution the sum of five hundred dollars, and that this sum, together with the amount named in the entry of the sheriff relating to the former levy, was more than sufficient to discharge the execution. Upon the trial of the issue formed upon this affidavit of illegality, the judge directed a verdict in favor of the plaintiff in execution. In this we think that he erred.

The entry of a sheriff on process in his hands is generally not traversable. *Higgs* v. *Huson*, 8 *Ga.* 317, 321. Such an entry may be traversed, however, for fraud or collusion. *Tillman* v. *Davis*, 28 *Ga.* 494; *Sprinz* v. *Frank*, 81 *Ga.* 162. The code "widened the laws of traverse as to returns of service." Civil Code, § 4988; *Dozier* v. *Lamb*, 59 *Ga.* 461. But the re-

turns of sheriffs and other levying officers upon final process in their hands are still governed by the law as it stood before the code was adopted. It being admitted upon the trial that the payment of five hundred dollars had been made, and the execution when introduced in evidence showing an entry of a sale at which an amount more. than sufficient to pay the balance due on the execution was realized, the execution appears on its face to have been paid off, and therefore a levy subsequent to such entry was prima facie void. As long as the entry of the sheriff reciting a sale at an amount more than that due on the execution stands upon the records unimpeached and unchallenged, such entry is conclusive upon the plaintiff · in execution. If the entry is false, the officer making it is liable in damages to any one injured thereby. If it was made fraudulently or collusively, it may be attacked and set aside at the instance of any one who is the victim of such fraud or collusion. As the amount of the purchase-money stated in the sheriff's return of the sale is sufficient to pay off the entire amount then due on the execution, the process is satisfied, so far as the defendant is concerned. If the purchaser has not paid the bid, suit may be brought against him for the purchase-money, or the property can be resold at his risk; and if an amount equal to the final bid at the first sale is not realized, the purchaser at such sale is liable for such deficiency. Civil Code, § 5466. *Judgment reversed. All the Justices concurring.*