## PORTER v. ROUNTREE.

1. Where a judgment de bonis testatoris is obtained against an executor, execution issued thereon, a return of nulla bona made by the sheriff, and a suit brought on the judgment against the executor personally, suggesting a devastavit, the executor can not, in his defense to the suit, make a collateral attack upon the judgment by showing fraud or mistake in its rendition ; and this is true although the judgment was rendered by the same court in which the suit thereon is pending.
2. The modification of such judgment de bonis testatoris by the statement that it "is not to be a personal judgment against" the executor does not preclude the plaintiff from bringing suit upon it against the executor personally, suggesting a devastavit.

Submitted June 8, — Decided July 13, 1900.

Complaint. Before Judge Reid. City court of Atlanta. September term, 1899.

*Arnold & Arnold* and *J. H. Porter*, for plaintiff in error.
*John T. Pendleton*, contra.

SIMMONS, C. J. It appears from the record that Rountree brought suit in the city court of Atlanta against Mrs. Porter, as executrix of her husband, and against Farrar and Williams. There was no defense to the action, but counsel for Mrs. Porter agreed in writing that a verdict and judgment be rendered against her de bonis testatoris, adding to such judgment a stipulation that it should not be a personal judgment against the executrix. Execution was issued, and a return of nulla bona made thereon by the sheriff. Thereupon Rountree brought an action upon the judgment, seeking to make the executrix personally liable for a devastavit. To this action the executrix filed an answer setting up that the judgment sued on was obtained by fraudulent representations and by mistake on the part of her counsel in signing the consent verdict and judgment. Various allegations were made in this answer as to the fraudulent representations and the manner in which the mistake was made. These it is not necessary, in the view we take of the case, to set out here. The court sustained a demurrer filed by the plaintiff to this answer. The defendant excepted.

1. It is well settled that a judgment, regular on its face and rendered by a court having jurisdiction of the parties and of

the subject-matter, can not be attacked collaterally by the defendant for any errors or irregularities entering into the judgment or inducing its rendition. The only way to have such a judgment set aside is by appeal or writ of error, or by a direct attack on it. In the present case the judgment against the executrix was rendered in April, 1898. No exception was taken, and the judgment stands to-day unreversed. When the plaintiff filed against the executrix a suit predicated upon this judgment, the executrix filed the answer above mentioned. This was, in our opinion, a collateral attack upon the judgment, which the law does not permit. This is true although the same court which rendered the judgment was that in which was brought the suit upon the judgment. If the defense set up was true and had any legal merit, the defendant's remedy was to file an equitable petition in the superior court to have this judgment set aside as fraudulent (Civil Code, § 5370), and to enjoin the present suit, inasmuch as the city court had no right to grant affirmative equitable relief, until the merits of her case could be properly inquired into. Or, if she preferred, she could have moved in proper time in the city court to have the judgment set aside, and thus have had the merits of her case passed upon. Civil Code, § 5373. There is an allegation in the answer that the defendant had filed an equitable petition in the superior court to have this judgment set aside, but it is not stated what was the judgment of that court upon this petition. Nothing is disclosed by the record tending to show that any motion was made in the city court to set aside the judgment which was rendered by that court. Whatever may be the result of the petition in the superior court, we are clear that the executrix has no right to attack the judgment in the indirect way employed by her in the present case. It was nothing more nor less than a collateral attack, which, as we have said, she is not permitted to make. For these reasons we think the trial judge was right in sustaining the demurrer of the plaintiff.

2. It is claimed by counsel for the plaintiff in error that, inasmuch as the judgment against the executrix stated that it was not to be a personal judgment against her, the plaintiff in the court below could not maintain on it a suit to make it binding upon the executrix personally. Section 3508 of the Civil

Code provides that, in a suit against an administrator or executor in his representative capacity, the judgment shall be de bonis testatoris, except, where certain pleas are filed and found against him, when the judgment shall be that the plaintiff recover the debt and costs, to be levied in the first place upon the property of the deceased, if any such property is to be found, and, if none be found, then to be levied upon the property of the defendant. In the present case, the addition to the judgment now under consideration, that it was not to be personal against the executrix, must be construed to mean simply that the judgment was not to be binding on the executrix personally, she not having filed pleas to justify a personal judgment against her. It was, however, not a waiver of the right of the plaintiff to bring an action against the executrix for a devastavit, when it appeared from the return of the proper officer that the executrix had wasted or mismanaged the assets of the estate. It appeared from the verdict and judgment that there were assets of the estate in the hands of the executrix at the time of the rendition of the judgment. That she had no such assets at the time of the return of the sheriff is shown by that return. The conclusion must follow that she had in the meantime made way with the assets. When the executrix consented to the judgment de bonis testatoris, she admitted assets in her hands. As it was ascertained from the sheriff's return that no assets of the estate could be found, we think the provision that the judgment was not to be personal against the executrix would not preclude or estop the plaintiff from bringing his action against the executrix, suggesting a devastavit by her, and seeking to obtain a judgment binding upon her personally.'

*Judgment affirmed. All the Justices concurring.*