EVANS v. CALLAWAY, deputy sheriff, for use, etc., *et al.*

ATKINSON, J.  Certain justice court executions in favor of Arnold Grocery
Company against J. R. Evans were levied on described goods as the
property of the defendant in fi. fa.  Affidavits of illegality were inter-
posed, and in order to get possession of the property the defendant ex-
ecuted and delivered to the levying officer bonds conditioned to deliver
the property "at the time and place for sale," in the event that the
illegalities "should be dismissed by the court or withdrawn."  The
property was then delivered to the defendant, who afterwards sold or
otherwise disposed of it so that he could not produce it in terms of
the bonds.  In the superior court the levying officer, for the use of the
plaintiff in fi. fa., instituted suit on the bonds for the amount due on
the fi. fas., which was less than the value of the property levied on.
The defendant (the principal in the bonds) interposed a plea which, as
amended, admitted what has just been stated, and set up, in substance,
the following:  The ground of illegality was that the defendant had
not been served in the suits in the justice court.  While the illegality
cases were pending on appeal in the superior court, and before the term
convened, the defendant and the attorney of plaintiff agreed upon a
settlement of the cases.  Under the agreement the defendant "was to
pay cash $100," and the attorney "was to stop all further costs, and was
to accept rent notes for the balance, and upon this was to mark the said
case settled."  The defendant paid the $100, and the attorney "agreed
to carry out the other terms of the contract," and, relying on such
promise, defendant did not attend court; but "instead of carrying out
this contract, said plaintiff by its attorney dismissed" the affidavits of
illegality, and "refused to accept rent notes or abide said contract."
The defendant alleges that it "is inequitable not to enforce said agree-
ment," and it is prayed that the "agreement be enforced and said cases
be reinstated in the court," and the issue tried, and that in the mean-
time the suit on the bonds be enjoined.  *Held:*

1. Construed in its entirety and in the light of the prayers, the object of
   this portion of the plea was to set aside the judgment of the superior
   court dismissing the illegality cases, and to reinstate them for trial,
   and to enjoin the suit on the forthcoming bonds.
2. The attack made upon the judgment dismissing the illegality cases, in
   the plea of the defendant in the suit by the levying officer on the forth-
   coming bonds, was merely a collateral attack, and would not suffice as a
   basis for setting aside the judgments or for the grant of injunction.
   *Porter* v. *Rountree*, 111 *Ga.* 369 (36 S. E. 761) ; *Alabama Great Southern
   R. Co.* v. *Hill*, 139 *Ga.* 224 (76 S. E. 1003).
3. There was no error in striking the plea.

*Judgment affirmed.  All the Justices concur.*

AUGUST 14, 1913.

Action upon bond.  Before Judge Walker.  Wilkes superior court.
February 5, 1912.

*Colley & Colley,* for plaintiff in error.
*I. T. Irvin Jr.,* contra.