### 7138. BYNUM *v.* BELL & COMPANY.

BROYLES, J. 1. Where a judgment de bonis testatoris has been obtained against an administrator, and an execution has been issued thereon, and a return of nulla bona made by the sheriff, the judgment can not be collaterally attacked in defense to a suit thereon against the administrator personally, in which a devastavit is alleged. *Porter* v. *Rountree,* 111 *Ga.* 369 (36 S. E. 761).

(a) In such a case the verdict and judgment against the administrator conclusively established that there were assets of the estate in his hands at the time of the rendition of the judgment, and, it being shown by the return of the sheriff that the administrator had no assets at the time of the return, the conclusion necessarily follows that the administrator had in the meanwhile made away with them, and he (the administrator) can not, when sued personally, plead want of assets at the time when the original suit was brought. This is true although when the

judgment was obtained against the administrator he was not present at court and filed no plea of any kind. Civil Code, § 4088; *Phipps* v. *Alford*, 95 *Ga.* 215, 217 (22 S. E. 152); *Porter* v. *Rountree,* supra.

2. "The general rule that a judgment de bonis testatoris against an administrator who failed to plead a want of assets is, at law, conclusive upon him of a sufficiency of assets to pay the debt upon which that judgment was rendered, is well settled; and though this rule may be subject to some relaxation in a case where, upon equitable principles, the administrator should, in justice and in fairness, be relieved from personal or individual liability upon the judgment, such a case does not arise when there has been no sufficient excuse for not filing the proper plea at the right time. A failure to know the real condition of the estate, when by the exercise of due diligence an administrator might and ought to have known it, will not suffice for such an excuse." *Whiddon* v. *Williams,* 98 *Ga.* 310 (24 S. E. 437).

3. Under the foregoing decisions and the facts in this case it was not error to overrule the demurrer to the petition as amended, to strike the fourth paragraph of the defendant's original answer, to strike the amendment to the answer, or to direct a verdict for the plaintiff for the full amount sued for.                                      *Judgment affirmed.*

DECIDED JULY 6, 1916.

Complaint; from city court of Blakely—Judge Sheffield. November 18, 1915.

*L. M. Rambo,* for plaintiff in error.

*Glessner & Collins,* contra.