16227. PRUDENTIAL INSURANCE COMPANY OF AMERICA *v.* GAINEY.

BROYLES, C. J. 1. Where A, a creditor of the estate of a deceased person, made application for the appointment of an administrator upon the estate, and suggested B as a proper person for such appointment and prayed that he be so appointed, and thereupon the court of ordinary so appointed B, and B qualified, had the estate appraised, and discovered that all the property of the estate consisted of realty held by A under a security deed with power of sale, and that A had obtained the administration on the estate for the sole purpose of foreclosing the security deed by suing the administrator and obtaining judgment against him on such claim, and where A, at the expiration of twelve months from B's qualification as administrator, brought suit against B and obtained judgment thereon for the full amount of his claim (the administrator allowing the judgment to be rendered against him without setting up

in the suit that he had incurred a liability for the costs of the administration of the estate, and was entitled to compensation as administrator), and A had execution thereon levied on the property of the estate, and bought in the property at sheriff's sale for a sum less than the amount of his execution, and where subsequently A claimed the proceeds of the sale under his execution, and had the sheriff make a deed to him for the property, without paying any part of his bid for the property, A was not liable to the administrator for any of the necessary costs of the administration of the estate, unless, perhaps, for the costs of the application for the appointment of the administrator, and the letters of administration. See, in this connection, *Gibson* v. *Robinson*, 90 *Ga.* 756 (2) (16 S. E. 969) ; *Phipps* v. *Alford*, 95 *Ga.* 215 (1) (22 S. E. 152) ; *Walker* v. *Shannon*, 21 *Ga. App.* 39 (1) (93 S. E. 498).

2. Under the preceding ruling and the facts of the instant case (which are set forth in the preceding note), the declaration in attachment failed to set out a cause of action, and the court erred in overruling the general demurrer interposed.

*Judgment reversed.*    *Jenkins, P. J., and Luke, J., concur.*

DECIDED MAY 14, 1925.

Attachment; from city court of Cairo—Judge Rigsby.   November 25, 1924.

*Branch & Snow,* for plaintiff in error.

*M. L. Ledford, Jesse J. Gainey,* contra.