18985.   Cox *et al.* v. STATEN *et al.*

STEPHENS, J.   1. Where a judgment de bonis testatoris was rendered in a suit against executors who had failed to plead a want of assets, it was conclusive that at the time of the rendition of the judgment they had assets of the estate sufficient to pay the debt upon which the judgment was rendered, and where assets belonging to the estate could not afterwards be found in their hands to satisfy the judgment, it was conclusive as against the plaintiff in execution that the executors had committed a devastavit, unless the executors could rebut this conclusion by showing otherwise. Where the executors, more than three months after the rendition of the judgment de bonis testatoris, brought a petition in equity to marshal the assets of the estate, and turned over to a receiver appointed by the court of equity in response to this petition all the assets of the estate then in their hands, this was not sufficient to rebut the presumption that at the time of the rendition of the judgment de bonis testatoris the executors had in their hands sufficient assets of the estate to pay the debt upon which the judgment was based, and that before the assets were turned over to the receiver the executors had not committed a devastavit. *Gibson* v. *Robinson,* 90 *Ga.*

756 (2) (16 S. E. 969, 35 Am. St. R. 250); *Whiddon* v. *Williams,* 98 *Ga.* 310 (24 S. E. 437); *Porter* v. *Rountree,* 111 *Ga.* 369 (36 S. E. 761).

2. Where a creditor of the estate consented to marshaling the assets of the estate by a court of equity and to turning the assets over to a' receiver appointed by the court, to be administered, the creditor thereby consented merely to a change in the method of the administration of the estate, and did not thereby waive any right or become estopped from asserting any right against the executors in their personal capacity, growing out of their conduct in the administration of the estate. *Whiddon* v. *Williams,* supra.

3. In a suit by creditors of an estate who had obtained a judgment de bonis testatoris against the executors, to obtain a judgment de bonis propriis against them, a plea alleging that the plaintiffs were estopped from obtaining a personal judgment against the executors by reason of the fact that, with the consent of the plaintiffs, they had turned over the assets of the estate to the receiver appointed by a court of equity, to be there administered, set up no defense and should have been stricken on demurrer.

4. The title to the judgment de bonis testatoris and the execution issued thereon, although in the names of the plaintiffs as executors of a named estate, or will, was vested in them jointly, and the designation of them as executors of the named estate or will was but descriptio personæ, and the transfer of this judgment by one of the plaintiffs, purporting to act in her representative capacity, to herself in her individual capacity, without a consideration, was a mere transfer from herself to herself, and therefore a nullity. The interest of the other joint owner was not divested, and both have joint title to the judgment and execution.

5. The court erred in not sustaining the plaintiff's demurrer to the defendant's plea of estoppel, and, the verdict found for the defendant being without evidence to support it, the judge erred in not granting a new trial. *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 20, 1929.

*Taylor & Spurlin, Titus & Dekle,* for plaintiffs in error.
*O. H. Dukes,* contra.