20102, 20123. Staten *et al. v.* Cox, executrix, *et al.;*
and *vice versa.*

Per Curiam. 1. A judgment de bonis testatoris against an executor or administrator who fails to plead a want of assets conclusively establishes, as against him, a sufficiency of assets to pay the debt upon which the judgment was rendered. *Whiddon* v. *Williams,* 98 *Ga.* 310 (24 S. E. 437); *Gibson* v. *Robinson,* 90 *Ga.* 756 (2) (16 S. E. 969, 35 Am. St. R. 250). And in a personal suit against the administrator upon such a judgment, suggesting a devastavit, the defendant will not be permitted to collaterally attack the judgment. *Porter* v. *Rountree,* 111 *Ga.* 369 (36 S. E. 761); *Bynum* v. *Bell,* 18 *Ga. App.* 384 (89 S. E. 431). Nor will the administrator be heard to say that the status of the estate as to assets was in fact different from that conclusively presumed from the rendition of the judgment de bonis testatoris, unless there existed some reason why, upon equitable principles, the administrator should, in justice and fairness, be permitted to go behind the original judgment so as to relieve himself of personal or individual liability thereon, such as would arise where the administrator showed a reasonable and satisfactory excuse for failing to file his plea at the proper time. *Whiddon* v. *Williams,* supra.

2. In the instant case this court by its former adjudication held that the original plea of the defendants set forth no defense, and should have been stricken on demurrer. *Cox* v. *Staten,* 39 *Ga. App.* 294 (147 S. E. 137). The amendment to the plea allowed in the lower court upon the second trial, and stricken on demurrer, alleged facts which merely tended to show that, subsequently to the date of the original judgment de bonis testatoris, no devastavit had been committed by the defendants, and sought to set up no reasonable or satisfactory excuse for the failure of the defendants in their representative capacity to plead a want of assets to the original suit; nor was there offered on behalf of the defendants any evidence tending to establish any such reason for their failure to plead to the original suit. Since the effect of the amendment stricken on the second trial was merely to contradict the facts conclusively established from the rendition of the judgment de bonis testatoris, without showing any legal or equitable reason why the defendants should be permitted to go behind that judgment, it was properly stricken on demurrer.

3. Under the rulings here made, and under the rulings made on the former adjudication of this case, a verdict and judgment in favor of the plaintiffs was demanded, and the court did not err in so holding.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Jenkins, P. J., and Stephens and Bell, JJ., concur.*

Decided September 6, 1930.

*Franklin & Langdale, O. H. Dukes,* for plaintiffs in error.
*Titus & Dekle, C. J. Taylor,* contra.