24489. HANBY *v.* FIRST NATIONAL BANK OF ATLANTA.

DECIDED APRIL 8, 1935.

*W. O. Wilson,* for plaintiff in error. *C. Holland Feagan,* contra.

BROYLES, C. J. Mrs. McGarity (now Mrs. Hanby) was sued in her representative capacity as the executrix of the last will of T. W. McGarity, deceased, by the First National Bank of Atlanta, on a note. Mrs. McGarity filed no defense to the suit and judgment was rendered against her *as* executrix of T. W. McGarity. Execution was duly issued, and a return of nulla bona was made thereon by the proper officer. Subsequently the bank brought the present action upon the foregoing judgment and sought to make

the executrix personally liable as for a devastavit. An answer was filed, and afterwards amended, alleging that no judgment de bonis testatoris had been rendered in the original suit; and furthermore that the defendant is the widow of T. W. McGarity as well as the executrix of his will, that the debt owed to the bank was the debt of her deceased husband, and that the present suit is an effort to hold her and her separate estate liable for that debt. However, it appears from the record that the original action was against Mrs. McGarity in her representative capacity as the executrix of the last will of T. W. McGarity, deceased, and that the judgment and execution were rendered against her *as* such executrix, and therefore that a levy based on the judgment could be made only on the property of the deceased in her hands to be administered. It accordingly follows that the judgment rendered was a judgment de bonis testatoris. See, in this connection, *Bishop* v. *Pinson,* 33 *Ga. App.* 269, and cit.

As to the other defense set up in the answer: Of course the bank in the present suit could not recover if the action were based upon the original debt owed by the defendant's husband. However, it clearly appears from the pleadings that the suit is brought under the statutory law providing that where an administrator or executor fails to file any defense to the suit against him in his representative capacity, he is conclusively presumed to have sufficient assets of the estate in his hands to pay the debt sued on, and that where no property of the deceased is found on which to levy the execution based upon the judgment rendered against the administrator or executor in his representative capacity, and where an entry of nulla bona is entered upon the execution by the proper officer, the presumption arises that the administrator or executor has committed a devastavit. The present petition, properly construed, presents an action to recover for a devastavit presumed to have been committed by the defendant in her representative capacity; and her answer thereto, not setting up any reasonable and satisfactory excuse for her failure to file a plea in the original suit, was properly stricken on demurrer. *Slaten* v. *Cox,* 41 *Ga. App.* 763 (154 S. E. 721).

The defendant's answer having been properly stricken, the court did not err in rendering judgment in favor of the plaintiff.

*Judgment affirmed.   MacIntyre and Guerry, JJ., concur.*