ARRINGTON *et al. v.* SPEAR, administrator.

No. 10740. NOVEMBER 14, 1935.

B. J. *Stevens,* for plaintiffs in error.

HUTCHESON, Justice. Leo Spear, individually and as administrator of the estate of Dick Spear, deceased, filed his petition against Mrs. E. L. Arrington and others, alleging that in September, 1932, the defendants obtained in McDuffie superior court a judgment against petitioner as administrator of the estate of Dick Spear, deceased; that in October, 1932, they obtained in the city court of Thomson a judgment against him as such administrator; that executions were issued and levied on certain lands described in the petition; that title to an undivided half interest in a forty-acre tract described was in the estate of Dick Spear, but the other interest belongs to petitioner individually; that this undivided half interest composed the entire estate; that the estate is indebted to petitioner for certain amounts paid out by him, which are prior claims on the assets of the estate; that if the lands are sold, it will result in irreparable damage to petitioner, and there will be nothing left to pay the debts enumerated in the petition. He prayed that injunction issue, restraining the defendants from proceeding with levy and sale under the executions, and that title to the property described be decreed to be in petitioner individually.

The defendants filed general and special demurrers, which were overruled, and exceptions pendente lite were reserved. Answer also was filed; and upon a trial judgment was rendered for the plaintiff. A motion for new trial was overruled, and the defendants excepted.

■ "Where an administrator is sued upon an alleged debt of his intestate, and fails to plead a want of assets, a judgment against him in such suit is conclusive upon him of a sufficiency of assets to pay the debt." *Gibson* v. *Robinson,* 90 *Ga.* 756 (2)

(16 S. E. 969, 35 Am. St. R. 250); *Walker* v. *Shannon,* 21 *Ga. App.* 39 (93 S. E. 498). In *Whiddon* v. *Williams,* 98 *Ga.* 310 (24 S. E. 437), it was held that "where an administrator who has subjected himself to personal liability upon a judgment rendered as above indicated [where he fails to plead a want of assets] files an equitable petition to marshal the assets of his intestate's estate, to which petition the judgment creditor is a party, it is the right of the latter, upon an appropriate answer in the nature of a cross-petition, supported by the necessary proof, to obtain a judgment against such administrator binding his personal estate." And in *Bynum* v. *Bell,* 18 *Ga. App.* 384 (89 S. E. 431), it was held that "The general rule that a judgment de bonis testatoris against an administrator who failed to plead a want of assets is, at law, conclusive upon him of a sufficiency of assets to pay the debt upon which that judgment was rendered, is well settled. . . A mere failure to know the real condition of the estate, when by the exercise of due diligence the administrator might and ought to have known it, will not suffice for such an excuse."

■ . Where land is levied on as property of an estate, and the administrator claims that the title thereto is in him individually, he has an ample remedy at law, by the filing of a claim to the property.

■ It appearing in the instant case that the administrator, who brings his petition for injunction to restrain certain executions from proceeding, does not allege that in the original suits he pleaded a want of assets of the estate, and it further appearing that he could set up his individual claim to the property levied on by a claim at law, there were not sufficient allegations to support the petition for injunction. The general demurrer should have been sustained, and the petition dismissed. As the judgment is reversed on the general demurrer, it is not necessary to consider the special demurrers or the motion for new trial.

*Judgment reversed. All the Justices concur.*