25905. STEINBERG *v.* FREEDMAN.

DECIDED FEBRUARY 27, 1937.

*Curry & Curry, Maurice Steinberg,* for plaintiff in error.
*Lee, Congdon & Fulcher,* contra.

SUTTON, J. S. B. Freedman, trading as Freedman Shoe Company, brought suit against Lizzie Steinberg as executrix of the estate of Solomon Steinberg, deceased, on a debt created by the deceased during his lifetime. The executrix filed no defense, judgment was rendered against her in her representative capacity,

and an execution was duly issued thereon, to be satisfied out of the property of the deceased. A return of nulla bona on such execution was made by the proper officer. Subsequently Freedman brought suit in the municipal court of Augusta, seeking to make the executrix liable personally as for a devastavit. The petition set forth the foregoing facts, and alleged that a search was made for property on which to levy the execution, but that the levying officer had been unable to find, and the executrix had failed to point out to him, any property of the deceased on which such execution could be levied; that the execution had not been satisfied, and no payment had been received thereon. A copy of the execution with the nulla-bona entry was made a part of the petition, and it was alleged that the executrix was individually liable to the plaintiff therefor. The defendant answered that as executrix she came into possession of considerable property of the deceased and still holds the same; that as the widow of the deceased she had made application for a year's support for herself and minor children out of such property, but the same had not been granted, as objections had been filed; that on account of the pendency of the application for year's support the defendant, as executrix, could not file any of the pleas authorized by the Code, § 113-2108; that there was no occasion for the levying officer to make a nulla-bona entry on the execution, because, unless the year's support is finally granted, there will be an ample estate to satisfy the execution; that she knew that the amount sued for was due by the estate, but did not know whether the year's support would be granted, and for that reason was unable to make an answer to the original suit. The plaintiff demurred to the defendant's answer and moved to strike it, for the reason that it was insufficient to constitute any legal defense. Without a ruling on the demurrer, the case was tried, and a new trial was granted. Subsequently the defendant offered an amendment to her answer, asking that the sheriff and the deputy sheriff be made parties to the suit, so that she might traverse the nulla-bona entry on the execution against her as executrix. Attached to this amendment was an affidavit by her, denying the truth of such return, and reciting that she still had on hand ample property of the deceased with which to satisfy the execution. A rule nisi was issued on the application to make new parties. The plaintiff objected to the allowance of the amend-

ment, renewed his demurrer to the answer as amended, enlarging upon his grounds of the demurrer, and moved to strike the purported traverse. The court sustained the demurrer to the answer as amended, and struck all of the answer except paragraph 4, which was a general denial of any indebtedness by the defendant, and the traverse attached thereto was also stricken and dismissed. An order was entered on the rule nisi, denying the defendant's prayer that the sheriff and deputy sheriff be made parties to the cause. The plaintiff introduced in evidence the execution with the nulla-bona entry thereon. No evidence was offered by the defendant. It appears from the record that it was admitted by both parties that on July 6, 1934, when the nulla-bona entry was made by the deputy sheriff on the execution, there was ample property in the estate of the deceased with which to satisfy the execution; that the plaintiff brought suit against the defendant, as executrix, to the June term, 1934, and, after due and legal service on the defendant, obtained judgment on June 26, 1934, for $204.99 principal, $42.75 interest, and $9.75 costs; that the defendant, as executrix, did not file any plea or defense to said suit, and that the judgment provided that it should be levied on and satisfied out of the goods, property, and assets of the deceased in the hands of the defendant as executrix; and that the execution regularly issued in pursuance thereof contained the nulla-bona entry. Judgment was rendered in favor of the plaintiff. The case was carried to the superior court by certiorari, which was overruled and the judgment of the municipal court was affirmed. The defendant excepted.

■ Where an executor is sued as such, and fails to file any defense, and a judgment de bonis testatoris is rendered against him, he is conclusively presumed to have had sufficient assets in his hands with which to pay such judgment at the time of its rendition. And in a personal suit against the executor or executrix on such a judgment, where a nulla-bona entry has been made by the sheriff on the execution issued in pursuance of the judgment, the defendant will not be permitted to attack the judgment or nulla-bona entry collaterally. *Bynum* v. *Bell,* 18 *Ga. App.* 384 (89 S. E. 431); *Slaten* v. *Cox,* 41 *Ga. App.* 763 (154 S. E. 721); *Porter* v. *Rountree,* 111 *Ga.* 369 (36 S. E. 761).

■ An answer to the personal suit to the effect that the execu-

trix had made application for a year's support for herself and minor children, which was pending, objections having been filed thereto, and that if it was not set apart to her there would be ample property to satisfy said execution, and that for this reason she could not file any of the pleas as provided for by Code, § 113-2108, did not furnish a sufficient excuse for not filing the proper plea at the right time. *Bynum* v. *Bell,* supra; *Hanby* v. *First National Bank of Atlanta,* 51 *Ga. App.* 89 (179 S. E. 749); *Whiddon* v. *Williams,* 98 *Ga.* 310 (24 S. E. 437).

■ "The entry of a sheriff on process in his hands is generally not traversable. *Higgs* v. *Huson,* 8 *Ga.* 317, 321. Such an entry may be traversed, however, for fraud or collusion. *Tillman* v. *Davis,* 28 *Ga.* 494 [73 Am. D. 786]; *Sprinz* v. *Frank,* 81 *Ga.* 162 [7 S. E. 177]. The Code 'widened the laws of traverse as to returns of service.' Civil Code, § 4988; *Dozier* v. *Lamb,* 59 *Ga.* 461. But the returns of sheriffs and other levying officers upon final process in their hands are still governed by the law as it stood before the Code was adopted. . . If the entry is false, the officer making it is liable in damages to any one injured thereby." *Jinks* v. *American Mortgage Co.,* 102 *Ga.* 694 (28 S. E. 609). There was no claim of fraud or collusion on the part of the officer who made the nulla-bona entry in the present case. Even where the entry of the sheriff may be traversed by the defendant, this must be done at the first term after notice to him, and before pleading to the merits, which was not done in this case.

■ The entry of nulla bona on the execution by the sheriff, that he had made diligent search and was unable to find any property of the deceased in the hands of the executrix in Richmond County on which to levy the execution, was conclusive of a devastavit until attacked and set aside as provided by law. And the admission of the parties appearing in the record, that on the date the nulla-bona entry was made by the sheriff there was ample property in the estate of the deceased with which to pay and satisfy said execution, is not necessarily inconsistent with and can not impeach such nulla-bona entry and prevent a recovery by the plaintiff against the executrix individually as for a devastavit.

■ Accordingly, the court did not err in sustaining the demurrer to the defendant's answer, in dismissing the traverse, and

in refusing to make the sheriff and his deputy parties. It was not error to overrule the certiorari.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*