Daniel, J.
delivered the opinion of the court:
It seems to the court, that as by the terms of the *233 deed of marriage settlement of the 9th of November 1831, it is made the duty of the trustee Dortch, in case of the death of Mrs. McDaniel occurring before that of the appellant, to pay and deliver over all of the property in said deed embraced, according to her last will and testament; and as by her last will and testament she has bequeathed to the appellant the negro man Asa and all the other property to which she was entitled, it was competent for the appellant, upon the state of facts alleged in his bill, to have brought a new and independent suit in equity for the jrarpose of recovering the said negro or his value, and so much of his hires as had not been received by Mrs. McDaniel in her lifetime, making the ap2>ellee Baskervill, the trustee Dortch, and the legal representative of Mrs. McDaniel, all parties to his bill.
It seems, however, further to the court, that as Mrs. McDaniel had in her lifetime instituted her suit in equity against the appellee and the said trustee, for the j)m’P0Se of recovering said slave or his value, and of having a settlement of the account of the trustee, it was not necessary for the appellant, in order to obtain the relief sought by him, to bring a suit wholly independent of the suit so commenced by Mrs. McDaniel; but that it was competent for him, in a bill setting forth his case and the previous ju'oceediugs had at the instance of Mrs. McDaniel, to ask to have the benefit of said proceedings.
And it seems farther to the court, that the prayer in the bill of the appellant in respect to the proceedings had in Mrs. McDaniel’s suit, though informal, is still a substantial prayer to be allowed to have the benefit of said proceedings.
The court is therefore of opinion, that the appellant has in his bill and amendment thereto stated a case entitling him to the aid of a court of equity, and that *234 the decree of the Circuit court sustaining the demurrer and dismissing the bill is erroneous.
And it seems also to the court, that it would be premature in this court to express any opinion as to whether the appellant is entitled to have the benefit of the proceedings in Mrs. McDaniel’s suit, absolutely, under the rules which ordinarily govern in cases of bills simply supplemental, -or on such terms as are usually imposed in cases of original bills in the nature of supplemental bills. In either aspect, however, it seems to the court proper that the appellant should make the trustee Dortch a party to his bill.
The court doth therefore adjudge, order and decree, that the decree of the Circuit court be reversed with costs, &c. And the cause is remanded, with liberty to the appellant to amend his bill and make new parties ; and for further proceedings in accordance with the principles above declared.
Decree reversed.