Equitable petition. Before Judge McWHORTER. Madison superior court. March term, 1892.

D. W. MEADOW and THOMAS & STRICKLAND, for plaintiff in error. W. M. HOWARD and R. H. KINNEBREW, by J. H. LUMPKIN, *contra*.

---

ALABAMA GREAT SOUTHERN RAILROAD CO. *v.* BLEVINS.

1. The plaintiff suing as executor of a deceased person having, without objection, testified that he was such executor, no further proof of this fact was necessary.

2. Dismissal of a case for want of evidence to support it is virtually a judgment of nonsuit, and is no bar to a subsequent action for the same cause.

3. The plaintiff's right to recover depending entirely upon the presumption of negligence raised by law against the railway company, and the defendant having, by the uncontradicted testimony of the engineer, fully overcome this presumption; and it appearing that the fireman, who was not introduced as a witness, could not have thrown any additional light on the case because he was at the time occupied in supplying the engine with fuel, the verdict rendered in the magistrate's court was contrary to law, and the court erred in overruling the *certiorari*.     *Judgment reversed.*
July 10, 1893.

Action for damages.   Before Judge MILNER.   Dade
superior court.   September term, 1893.

Blevins, as executor of Cross, brought suit against
the railroad company for damages to a cow.   The mag-
istrate gave judgment in favor of plaintiff.   Defendant
appealed to a jury, who returned a verdict for plaintiff.
It appeared that to a previous term of the magistrate's
court plaintiff had sued defendant for the same cause of
action, and that the case was dismissed on motion for
want of evidence to sustain the pleadings.   The second
suit was begun after the judgment of dismissal was
rendered.   From the verdict in the second suit defend-
ant took the cause by *certiorari* to the superior court,
alleging that the verdict was contrary to evidence and
to law; that plaintiff failed to show legally that he was
the executor of the estate of Cross; and that the former
judgment should have put an end to this suit.   The
*certiorari* was overruled, and defendant excepted.

Blevins testified that he was the executor of the estate
of Cross, and had a cow knocked off the track of de-
fendant by its engine on September 16, 1891, which
cow was thereby damaged $50.   Another witness testi-
fied, that the cow was knocked off the track of defend-
ant, and was sold to the witness by the foreman of the
section for $5.   Witness could have seen a cow three or
four hundred yards on the track, and the train was go-
ing up grade when the cow was knocked off; he heard
the whistle blow several times at the cow; he saw her
after she was struck; and she was badly damaged.   For
defendant, the engineer of the train testified, that the
cow was about twenty feet from the track when he first
saw her, and, when he got about one hundred feet from
her, started to cross the track, and the bumper hit her
as she crossed and knocked her down; he did all that
was possible to prevent the accident, applied the brakes,

but was too close to her to stop, and thought he blew the whistle and sounded the stock alarm; the train did not come to a full stop; the accident could not have been prevented; the engine was about one hundred and fifty yards from the cow when he first saw her, and she was then grazing and was about one hundred feet from the engine when she attempted to cross; the engine was in perfect condition, the engine and train being equipped with Westinghouse brakes, the best made, and the same were in perfect condition; his duties were a general supervision of the engine and to keep a lookout ahead for obstructions, which duties he was performing at the time of the accident, being at the proper place, looking out for obstructions and running the engine; the fireman's duties were to keep steam and do such things as were required by the engineer, and the fireman was putting in coal at the time of the accident; the cow was only crippled, not killed; the train was made up as usual so far as he knew; the schedule was about twenty-five miles per hour, and he thought the train was on time; it was running up a slight grade and making about twenty-five miles per hour; he did not remember how many times he blew the whistle, but thought he sounded it; at the speed he was running the train could not have been stopped in less than three hundred feet on the grade; when he first saw the cow she was not on the track and he did not reverse his engine, but as soon as she started towards the track the brakes were applied, speed checked as much as possible, and every measure taken to prevent the accident.

W. U. & J. P. JACOWAY and R. J. & J. McCAMY, for plaintiff in error. McCUTCHEN & SHUMATE, *contra*.