# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### Simon v. Ellison & als.

#### July 13th, 1893.

Chancery Practice—*Parties—Fraudulent Conveyances.*—A suit to set aside a trust deed giving preference to creditors, as fraudulent, can not be maintained without making the beneficiaries parties.

Appeal from decree of corporation court of city of Bristol, in a chancery cause wherein Rodman B. Ellison, John B. Ellison, Henry H. Ellison, and William B. Ellison, partners under the style of John B. Ellison & Sons, and others were plaintiffs, and H. J. Simon and H. E. Jones, as trustee, were defendants. The object of the suit was to annul as fraudulent a trust deed made to secure certain preferred creditors of the grantor, who were not made parties. The circuit court set aside the deed, and the defendant, Simon, appealed. Opinion states the case.

*Blanchard & Ashworth,* for appellant.

*Fulkerson, Pope & Hurt* and *St. John & St. John,* for appellees.

Lacy, J., delivered the opinion of the court.

The bill in this case was filed by the appellees against the appellants, H. J. Simon, their debtor, and H. E. Jones, trustee, to set aside a deed in trust by said Simon, conveying his stock

of goods in his store to said Jones, as trustee, to secure certain preferred creditors, as fraudulent and void, because intended to hinder, delay, and defraud his creditors, and to set aside a certain homestead deed executed by said Simon, claiming his homestead exemption in certain goods. And other bills were filed by other creditors for the same purpose. To these bills Simon answered and demurred, and the said Jones answered.

The court, upon the hearing, set aside the said deeds, and the said H. E. Jones, having made sale of the said goods, decreed in favor of the plaintiffs the payment of their said debts out of the proceeds of the sales of the said goods in the order of their priorities, ascertained by the filing of their several bills in disregard of the claims of the preferred creditors. And the said Simon appealed to this court.

The first question we are to determine here upon the assignment of error is upon the action of the court in decreeing upon the bills, and disposing of the questions involved and setting aside the trust deed, and disposing of the rights of the beneficiaries under the said deed, when they are not parties to the suits thus brought to determine their rights. This question is well settled in this State.

Mr. Barton says in his Chancery Practice, vol. 1, sec. 35 : "It is a general rule in equity that all persons interested in the subject matter of the bill, and which is involved in and to be affected by the proceedings and result of the suit, should be made parties, however numerous they may be." Citing numerous authorities, the decisions in this State are in an unbroken line; and upon plain principles he whose rights are to be affected by any proceeding should be before the court, and have an opportunity to be heard. Otherwise he is not bound by the decree. *Clark* v. *Long*, 4 Rand., 452; *Richardson* v. *Davis and wife*, 21 Gratt., 709; *Armentrout's ex'or* v. *Gibson*, 25 Gratt., 375; Barton's Ch. Pr., p. 219, vol. 1, sec. 74 ; *Collins* v. *Loften & Co.*, 10 Leigh, 5; *Commonwealth* v. *Ricks*, 1 Gratt.,

416; *McDaniell* v. *Baskerville,* 13 Gratt., 228; Story's Eq. Pl., §§ 207, 210; *Fitzgibbon* v. *Barry,* 78 Va., 263; *Stovall* v. *Border Grange Bank,* 78 Va., 188.

By the decree in this cause settling the trust deed in question, the rights of the beneficiaries under the said deed were disposed of adversely to their interest in a suit to which they are not parties and by a decree by which they are not bound. This was error, for which the said decree must be reversed and annulled, and the cause be remanded, when the plaintiffs may amend their bill, if they are so advised, and make proper parties, which will be done without deciding any other question in the cause.

DECREE REVERSED.