*Walter S. Dillon*, for defendant.

---

TURNER *v.* WILLINGHAM *et al.*

GEORGE, J. 1. Under repeated rulings of this court, a judgment overruling a demurrer can not be made a ground of a motion for new trial; but direct exception should be taken to such ruling, if a review of it is to be had. *Hawkins* v. *Studdard*, 132 *Ga.* 265 (63 S. E. 852, 131 Am. St. R. 190).

2. A judgment overruling a general demurrer to a petition, unless excepted to and reversed, is an adjudication that the petition sets forth a cause of action; and the court may not by indirection deprive the plaintiff of the estoppel he is entitled to urge as against the defendant. *Sims* v. *Ga. Ry. & El. Co.*, 123 *Ga.* 643 (51 S. E. 573); *Brooks* v. *Rawlings*, 138 *Ga.* 310 (75 S. E. 157); *Bailey* v. *Georgia & Florida Railway*, 144 *Ga.* 139 (3) (86 S. E. 326). In such circumstances the trial judge may not give to the defendant the benefit of the defense set up in the demurrer; and it is not error to instruct the jury in effect that the plaintiff may recover upon proof of the allegations made in the petition.

3. A complaint that the jury found contrary to a certain part of the court's charge amounts merely to the exception that the verdict is contrary to law, and raises no question for determination other than that raised in the general ground that the verdict is contrary to law. *S. A. L. Ry.* v. *McMichael*, 143 *Ga.* 689 (5) (85 S. E. 891).

4. A complaint merely that the court erred in submitting certain charges to the jury amounts to an exception that the charges so given are incorrect statements of the law. The several charges here complained of have been examined, and are held to state correct principles of law.

5. One ground of the motion for new trial was as follows: "Because the court erred, as movant contends, in submitting to the jury forms of verdicts." This ground is insufficient and presents no question for decision. So also is the ground complaining of the admission of dray tickets indicated only by their dates. Such tickets, or at least the substance of them, should have been set out in the motion or attached thereto as an exhibit.

6. The grounds of the motion for new trial not controlled by the foregoing general rulings have been examined, and are held not to show cause for reversal.

7. The evidence on behalf of the plaintiffs tended to sustain the allegations of their petition, to which the defendant had filed a general demurrer, which demurrer had been overruled by the court, and to which ruling no exception had been taken. The verdict for the plaintiffs has the approval of the trial court, and this court will not interfere therewith.　　　　　*Judgment affirmed. All the Justices concur.*

No. 550. AUGUST 13, 1918.

Equitable petition. Before Judge Ellis. Fulton superior court. July 6, 1917.

*E. M. & G. F. Mitchell,* for plaintiff in error.

*Robert C. & Philip H. Alston,* contra.