WILLIAMS *v.* SEABOARD AIR-LINE RAILWAY COMPANY,
*et vice versa.*

1. The motion to dismiss the writ of error is denied. Where the purpose
   of a bill of exceptions is to correct an error in the trial antecedent to
   the final judgment which necessarily controlled the result, the alleged
   error being of such nature that the result was a natural and legal con-
   sequence of the antecedent ruling which is assigned as error, par-
   ticularity of specification is not required in the assignment of error to
   the final judgment. There must be a valid assignment of error as to the
   error which it is claimed controlled the final judgment, "and if it is
   specifically made the subject of exception and of proper assignment of
   error, and the final judgment is excepted to, not because of additional
   error in it, but because of the antecedent ruling complained of, which
   entered into and affected the further progress or final result of the case,
   a general exception to the final judgment . . will suffice to give
   the reviewing court jurisdiction."
2. The court erred in sustaining the demurrers and in striking paragraphs
   4, 5, 7, and 10 of the petition, and this error was so vital and con-
   trolling upon the final result in the case that all further proceedings
   in the trial were nugatory. The petition, properly construed, was an
   action to recover damages for the defendant's interference with the
   plaintiff's use and enjoyment of his own property in which the defend-
   ant had no right, title, or interest, and to restrain the defendant from
   interfering with the plaintiff's use of his own property in the future.
   Upon demurrer the plaintiff's ownership and the absence of any right
   of the defendant in the premises were admitted. From sustaining the
   demurrers the subsequent exclusion of the evidence which plaintiff
   sought to introduce followed as a natural consequence in consonance and
   accord with the prior ruling of the court upon the demurrers. Thereby
   the plaintiff was deprived of the right of proving his case as laid. The
   ruling upon demurrer cut off a material part of the case the plaintiff
   sought to set up in his pleading and to base a recovery upon. *Wright*
   v. *Hollywood Cemetery Corp.*, 112 *Ga.* 884 (6) (38 S. E. 94, 52 L. R.
   A. 621).
3  The demurrers should have been overruled, because each of them was
   defective or "speaking." "Demurrer, being itself a critic, must be free
   from imperfections." None of the demurrers indicated or suggested,
   when considered in connection with the allegations of the petition as a
   whole, any reason why the information sought to be elicited by demur-
   rer was necessary to complete or perfect the plaintiff's cause of action
   as stated, or raised any legal inference that the information sought to
   be elicited was in any wise material to the issue presented by the peti-
   tion. For a demurrer to be effective it must attack "a defect in direct
   line of the pleadings, as they are constituted, and not one which might
   have arisen had the pleadings been different." Each of the demurrers
   in the instant case impliedly assumed some right on the part of the

Appeal and Error, 3 C. J. p. 1385, n. 53; 4 C. J. p. 934, n. 54.
Pleading, 31 Cyc. p. 73, n. 35; p. 109, n. 87; p. 307, n. 18; p. 322,
n. 24; p. 323, n. 26; p. 333, n. 76.

defendant to use the tracks, which is not authorized by any allegation in the petition; and "ordinarily the plaintiff, in his petition, need not anticipate or negative a possible defense." "A ground of demurrer to a petition, which assumes that it contains an allegation of fact which it does not contain, is 'speaking' in character, and therefore not maintainable." If the facts thus inferentially assumed are matters of defense, they should be pleaded.

4. The plaintiff is entitled to prove as essential facts establishing the nature and extent of the trespass as alleged, by proving, if he can, the allegations contained in the four paragraphs of the petition that were stricken; and it was error to sustain the demurrers to these paragraphs.

5. In view of the foregoing rulings, it follows that the court did not err in overruling the general demurrer to the petition. The judgment upon the cross-bill of exceptions is affirmed.

Nos. 5922, 5940.    February 15, 1928.

Equitable petition. Before Judge McLaughlin. Muscogee superior court. February 18, 1927.

*G. Y. Tigner,* for plaintiff.

*W. W. Dykes* and *Foley & Chappell,* for defendants.

Russell, C. J. Williams filed a petition seeking damages from the Seaboard Air-Line Railway Company for injuries alleged to have been inflicted by a continuing nuisance and continuing trespasses upon certain property of the plaintiff in the city of Columbus. The action was equitable in its nature, it being alleged that the plaintiff had no full and adequate remedy at law. The prayers were: (1) That the petitioner have judgment against the defendant for the sum of $2,400 for his damages caused by being deprived of his full, free, and unobstructed use and enjoyment of his land by the acts of the defendant as set forth in the petition. (2) For a perpetual injunction restraining the railroad company from running and operating engines, locomotives and cars upon said railroad-tracks on petitioner's land, and from interfering in any way with the free and full and unobstructed use by petitioner of his land, and from interfering in any way with the enjoyment thereof by petitioner. (3) For such other and further relief as the nature of the case might require. After describing the land of which the petitioner alleges himself to be the owner and in possession since July 25, 1913, and stating the grantee, date, and record of the muniments of title under which he claims ownership and possession, the petition alleges: (Paragraph 4) "On petitioner's said land there are placed and located two railroad-tracks composed of steel or iron rails and wooden ties on the ground, said

tracks extending in a northerly direction from a point near the middle of the south line of his land upon, over, and across the land for the entire distance between said point and the northern line of his said land, which is the south line of Seventh Street, and occupying a strip of land about 30 feet in width across the land." The two railroad-tracks on petitioner's land are connected with a spur or side-track of a named street-railroad immediately in the rear of petitioner's premises. Par. 5. "Defendant company is now, and has been for the last four years immediately preceding the filing of this suit, running and operating steam engines and locomotives and cars along and over and upon the two said railroad-tracks on petitioner's land. 6. Defendant company has not now nor did it ever have any right, title, or interest in petitioner's said land, authorizing it to run or operate steam engines, locomotives, or cars upon said railroad-tracks on petitioner's land, or to enter, go upon, or in any wise use or interfere with petitioner's use and enjoyment of said land, or to use and occupy said railroad-tracks on petitioner's land. 7. Defendant company, over the protest and objection of petitioner and against his will, is now, and has continuously almost daily for the last four years immediately preceding the filing of this suit been, running and operating its cars, steam-engines and locomotives on said tracks on petitioner's land, to the constant, continuous annoyance, inconvenience, deprivation, injury and damage of petitioner in the use and enjoyment of his said land."

In paragraphs 8 and 9 it is alleged that the petitioner has a refinery for his business of refining and manufacturing cane syrup on his described premises, and that in the refining, manufacture, and care of the products of his business it is necessary that a high state of sanitary cleanliness be maintained. Par. 10. "By the running and operation of its engines and cars on the tracks of railroad on petitioner's land as aforesaid, great volumes of smoke, noxious odors, and gases are emitted and thrown forth, and cinders and dust arise from such operation, and are and have been for the last four years continuously going upon, against, and into petitioner's said plant and building, rendering it more difficult and expensive to petitioner to protect his products and keep and maintain them in a wholesome, healthy, and merchantable condition than would be required but for the running and operation of said

42

engines and cars on petitioner's land; and rendering petitioner's office and building very uncomfortable and disagreeable to him, his servants and employees, and those coming to do business with him." The petitioner alleges that continuously for the past four years his building and warehouse, about fifty feet distant, has been subject to be destroyed by fire from burning cinders and sparks emitted from engines and locomotives running on the railroad-tracks on his land; that the running of cars and engines at irregular but frequent times and at dangerous rates of speed constitutes a continuing menace to his safety and that of his employees, obstructs and interferes with him in the use and enjoyment of his property, to his annoyance, inconvenience, deprivation, injury and damage; that he has thus been deprived of the full, free, and unobstructed use of his property, and the value of its use during the past four years amounts to $600 per annum; that the constant running and operation of locomotives and cars on the tracks thereon constitute continuing trespasses and amount to a continuing nuisance, and to remedy the wrongs caused thereby by actions at law would result in a multiplicity of suits, interminable litigation, and would be wholly inadequate for his compensation and protection; that the defendant has so operated its engines, etc., with full notice of the rights and title of petitioner, after its attention was called to the effect of its conduct, such operation being against the will and over the protest of petitioner, and defendant will continue to do so unless enjoined; and that the defendant has not taken any steps for the condemnation of petitioner's land to obtain a right of way through or over the same, nor has it any right, title, interest, or authority so to do.

The defendant demurred, both generally and specially. The special demurrers, which were addressed only to paragraphs 4, 5, 7, and 10 of the petition, were sustained unless they were amended by a named date; and the plaintiff declining to amend, those paragraphs were stricken. The plaintiff preserved exceptions pendente lite to that ruling. On the trial the court refused to admit certain testimony offered by the plaintiff, and upon motion awarded a nonsuit. It is alleged in the bill of exceptions that the error in excluding the testimony deprived the plaintiff of the right to prove his case as laid in the paragraphs of his petition remaining after striking therefrom paragraphs 4, 5, 7, and 10, to which remaining paragraphs

no special demurrers had been filed, and that the ruling excluding this evidence necessarily affected and controlled the final judgment nonsuiting and dismissing the action, and exception is taken upon that ground. The defendant filed a cross-bill of exceptions assigning error upon the refusal to sustain the general demurrer.

A motion was made to dismiss the main bill of exceptions, upon the grounds: (1) That it "only refers to the exceptions made and filed pendente lite, without specially assigning and pointing out any error of law because of the order sustaining said special demurrers." (2) Because there is no specific exception specifically pointing out any error of law or fact because of the order nonsuiting plaintiff and dismissing his petition. (3) That the exception "to which order and judgment of the court sustaining the motion and granting a nonsuit of plaintiff's case and dismissing his petition plaintiff then and there excepted, and now here excepts, and assigns the same as error and says that the judgment and order and action of the court was and is error and contrary to law," is insufficient "without following up said assignment by plainly and specifically setting forth such errors alleged to have been committed, there being no motion for new trial filed in said case."

1. There is no merit in the motion to dismiss the main bill of exceptions. Error is properly assigned upon the exceptions pendente lite, to the judgment sustaining the demurrers; and the exception taken to the exclusion of the evidence of which complaint is made is sufficient under the ruling of this court in *Lyndon* v. *Georgia Railway &c. Co.,* 129 *Ga.* 353 (58 S. E. 1047), which has been uniformly followed by this court. Where the purpose of a bill of exceptions is to correct a controlling error antecedent to the final judgment, particularity of specification is not required in the exception to the final judgment. There must be a valid assignment of error as to the error which it is claimed controlled the final judgment, but a mere general exception is sufficient as to the final judgment.

2. We think the trial court erred in sustaining the demurrers and striking paragraphs 4, 5, 7, and 10 of the petition, and that this error was so vital and controlling upon the final result that all further proceedings in the case were nugatory. A consideration of the petition as set forth in the statement of facts discloses

that· the suit is not in ejectment or complaint for land, or for damages to the land itself. The plaintiff is not seeking to recover the strip of land, or the value of the land on which the railroad-tracks are laid, or to recover rent for the use of the land or the tracks. It is not an action to recover damages resulting from a permanent trespass or a nuisance created by a prior owner of the land; reference to these matters being made plainly to show the nature and character of the defendant's interference with petitioner's right to the use and enjoyment of his private property. Properly construing the petition, it is nothing more than a suit to recover damages for interference by the defendant with plaintiff's use and enjoyment of his own property, and to enjoin and restrain the defendant in the future from interfering with the plaintiff's use of his own property, and to prevent a multiplicity of suits because of the defendant's illegal interference with the plaintiff's use and enjoyment of his property. The petition (for the purpose of demurrer admitted to be true) shows that the plaintiff is clothed with legal title and actual possession of the land, and that defendant has no right, title, or authority to go upon the plaintiff's land or to run its engines, locomotives, or cars on his tracks on his land for any purpose. He alleges that nevertheless the defendant did the acts complained of, not only without his consent but over his protest and objection. The plaintiff thus setting forth both title and possession in him, and that defendant has no right or title, the principles embodied in sections 4470 and 4474 of the Civil Code are applicable and controlling: "The right of enjoyment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a cause of action," and "Where two persons claim to have actual possession of the same land, he is deemed in possession who has the legal title, and the other is a trespasser." Under these provisions no presumption does or can arise, because the defendant ran and operated its engines, etc., on the railroad-tracks on plaintiff's land, where dust and cinders affected the cleanliness of his refining plant and endangered his building by fire, and did the other acts complained of, that any of these acts were done lawfully. After a careful consideration and no small amount of investigation, we are satisfied that none of the demurrers offered by the defendant should have been sustained. No principle is better es-

tablished than that "Demurrer, being a critic, must be free from imperfections." While we have no rule of practice which authorizes the filing of a demurrer to a demurrer, some of those interposed in the present case are demurrable because, to use the language of Judge Erskine in *Martin* v. *Barlow Iron Works,* 35 *Ga.* 320, 323, they fail to lay their "finger on the very point."

Ground (a) of the demurrer to paragraph 4 of the petition complains because the paragraph "fails to allege when said tracks were placed or located on said land." The demurrer is itself defective. It does not point out wherein the paragraph of the petition is defective because of the lack of the allegation called for. It certainly does not disclose in what way the allegation is material in order for the defendant to make its defense. The plaintiff does not complain of the presence of the tracks on the ground. He says the land is his; presumably the tracks on his land are his tracks. The plaintiff says the defendant has no right to go upon his land for any purpose; and this includes the statement that the defendant has no right, merely because it has engines and cars, to run them on his tracks. Ground (b) of this special demurrer complains that paragraph four "fails to allege that said tracks were located or placed on said land without the consent of the owner thereof." The action being one for the recovery of damages resulting from continuous and continuing trespasses during the period of four years immediately preceding the institution of the suit, and it being alleged that the plaintiff had title to the land and was in possession of it and that the defendant had no title or right of possession, of what possible materiality was it whether the tracks were placed there with or without the consent of the owner? Conceding that the tracks were placed there by the owner himself, or with his consent, if the defendant had no right to use them it would be guilty of trespass if it did. This ground of demurrer is speaking in character. It assumes something which does not appear from the petition. Impliedly it assumes that if the owner consented that the tracks should be laid, the defendant had the right to use them, which would not by any means follow, because the owner might have consented that the tracks be laid, or he may have laid them himself for his own use or for the use of some person or corporation to which he sustained contractual relationship; and yet this would not authorize the defendant,

merely because it possessed cars and engines so built that they could be run over the tracks, to subject them to its use. The demurrer altogether fails to point out how or why it is material or necessary to state that the tracks were laid without the consent of the owner, or that such an allegation is essential or necessary to enable the plaintiff to set forth his cause of action; and since there is no other allegation in the petition showing that such allegation is necessary or material, the allegation required by the defendant in the demurrer was altogether unnecessary and immaterial. There is no allegation that the tracks were placed on the plaintiff's land by the defendant, and he does not complain of the presence of the tracks on his land. The plaintiff as owner of the land and in possession of it complains only of the acts done by the defendant during his ownership and possession within the four years immediately preceding the filing of the suit. For the same reasons, ground (c) of the demurrer to the fourth paragraph of the petition, which asserts that said paragraph "fails to allege who was the owner of said land when said tracks were placed and located thereon," is itself fatally defective.

Ground (a) of special demurrer 2 assails the fifth paragraph of the petition, because it is not stated therein for what period of time defendant has been running and operating its engines, locomotives, and cars over the tracks on petitioner's land. For the reason, as already stated, that this special demurrer does not point out or suggest any reason why this statement is necessary to enable the defendant to make defense to plaintiff's petition, this ground of demurrer is so defective as to be ineffective. The defendant is bound to know the truth as to how long it has been running its locomotives and cars over the tracks on petitioner's land, if it has ever done so; and from the nature of the action it is only necessary for the plaintiff to allege that the defendant had done the things complained of within the four years provided by the statute of limitations. In *Durrence* v. *Groover*, 160 *Ga.* 680 (129 S. E. 29), it was held that "If repeated acts of wrong are done or threatened, so as to make the trespass a continuous one, they may be repressed in equity by injunction;" and as to the point just now before us, it was held that "The allegation in the petition that the defendants ' did within the last few days, and during the year 1923, up to date,' commit certain acts of trespass, is sufficiently definite

as to the time at which the alleged acts of trespass occurred to withstand a special demurrer raising the point that the petition fails to show when the trespass complained of was committed." The complaint also contained in ground (a), that it does not appear from the petition that the defendant "began said operations on said tracks since the purchase of said land by petitioner," is defective because it is immaterial, in view of the nature of the petition, when the defendant began the trespasses alleged. Even if the defendant had trespassed upon the plaintiff's land and tracks prior to the dates fixed in the petition, the plaintiff's right of action therefor would be barred by the statute of limitations. In ground (b) of the special demurrer to paragraph five it is complained that "It does not appear from the allegations in said paragraph that said tracks are being used by defendant for purposes other than those for which said railroad-tracks were laid on said land." This is manifestly a speaking demurrer and insufficient to invoke an adjudication. Construing paragraph five in connection with the other allegations of the petition, in which it is distinctly made to appear that the plaintiff has legal title to and actual possession of the land, including the tracks, and that the defendant has no right to use the tracks, and that when it does use them it is over the protest and objection of the plaintiff and to his inconvenience and his damage, and that this use interferes with the use and enjoyment. of his property, which for the purpose of demurrer must be admitted to be true, the demurrer is plainly based upon an inference and assumption that as a matter of fact the defendant has a right to the use of plaintiff's tracks on plaintiff's land, which would be. a matter of defense to be set forth by plea.

Demurrers which are speaking should be overruled. *Woods* v. *Colony Bank,* 114 *Ga.* 683 (40 S. E. 720, 56 L. R. A. 929). In *Mathis* v. *Fordham,* 114 *Ga.* 364 (2) (40 S. E. 324), this court held: "A 'speaking demurrer' is not good. A demurrer to a petition, presenting the point that a named person described as heir at law of one deceased was not joined as a party defendant, is of this character when there is nothing in the petition showing that the deceased left any such heir." In the opinion it was said: "The second ground of the demurrer makes the point that Laura E. Garrett, one of the heirs at law of J. N. Darsey, deceased, was not sued. This is a 'speaking' demurrer, because it does not ap-

pear in the petition that J. N. Darsey had such an heir. The proper method for presenting this point was to file a plea of nonjoinder." And so in this case, the third demurrer addressed to paragraph seven of the petition, which asserts that "it appears therein that defendant company in the running and operating of its engines, cars, and locomotives on said railroad-tracks limits its operations to the use contemplated when said railroad-tracks were laid on said land," assumed that at the time the railroad-tracks were laid on the land a right of some kind was conferred on the defendant of running its engines, etc., on said track, which is altogether outside of the allegations of the petition and absolutely in· conflict therewith, by reason of the fact that the petition alleges, not only that the plaintiff owns and is in possession of the land and the tracks, but that the defendant has no right or title in them and no right to use them. The demurrer to the tenth paragraph is subject to the same objection, that of presenting a speaking demurrer in both of its paragraphs. It should likewise have been overruled. For a demurrer to be effective it must attack "a defect in direct line of the pleadings as they are constituted, and not one which might have arisen had the pleadings been different." 6 Enc. Pl. & Pr. 333, and cit. "A ground of demurrer to a petition, which assumes that it contains an allegation of fact which it does not contain, is 'speaking' in character, and therefore not maintainable. Thus, where an equitable petition to construe or reform a deed which had been executed by a deceased person as trustee alleges nothing with respect to the appointment of a successor to the trustee, it can not, by way of demurrer, be assumed that a successor has in fact· been appointed." *Clarke* v. *East Atlanta Land Co.,* 113 *Ga.* 21 (2) (38 S. E. 323). The well-settled rule, as tersely stated by Mr. Justice· Gilbert in *James* v. *Maddox,* 153 *Ga.* 208 (3) (111 S. E. 731), is that "Ordinarily the plaintiff, in his petition, need not anticipate or negative a possible defense."

Each of the demurrers in this case, by inference at least, assumes that the defendant had some kind of right to use the plaintiff's tracks on the plaintiff's land, whereas any such suggestion is wholly negatived by the allegations in the petition that the defendant has no right, title, or interest in the land or the tracks, and that in trespassing upon the plaintiff's land by running over it it

does so without the plaintiff's consent and over his protest. The decision of the Supreme Court of the United States in Graves v. Ashburn, 215 U. S. 331 (30 Sup. Ct. 108, 54 L. ed. 217), supports our conclusion that under the allegations of this petition as to title and possession of the premises the plaintiff is not only entitled to maintain the action, as was held by the trial court when it overruled the general demurrer, but also that he is entitled to prove as essential facts establishing the nature and extent of the trespasses as alleged by proving, if he can, every allegation contained in the four paragraphs that were stricken. The effect of striking the paragraphs referred to, and the consequent exclusion of the testimony offered, entirely withdrew from the plaintiff the right of proving his case as laid, and the judgment of nonsuit followed legally as a matter of course. Since the judgment sustaining the demurrers was erroneous, the further proceedings in the trial were nugatory, and it becomes unnecessary to discuss the rulings upon the evidence to which exceptions are taken or to even refer to the nonsuit.

The judge overruled the general demurrer, and exception to this judgment is the basis of the cross-bill of exceptions. In view of what has been said as to the nature of the action and the sufficiency of the allegations to entitle the plaintiff to relief, it is plain that the court did not err in overruling the general demurrer.

*Judgment on main bill reversed; on cross-bill affirmed. All the Justices concur.*