## 32427. J. C. PIRKLE MACHINERY COMPANY INC. *v.* LESTER.

DECIDED MAY 21, 1949. REHEARING DENIED JUNE 30, 1949.

514

*Poole, Pearce & Hall, J. R. Goldthwaite Jr.,* for plaintiff in error.

*Dorsey Davis, Fred A. Gillen,* contra.

PARKER, J. 1. The defendant's first contention is that the general demurrer should have been sustained because the petition failed to allege facts from which it could be determined that any amount was owing by the defendant to the plaintiff, and failed to show any reason why such facts could not be alleged. In other words, the contention is that in the absence of any allegation as to expenses incurred in making the sale, the petition failed to set out a cause of action. We do not think this contention is meritorious. It may be that there were no expenses. The demurrer assumes that there necessarily were some expenses incurred, and to this extent it was a speaking demurrer. Where a cause of action is set out for any amount a general demurrer should not be sustained. *Williams* v. *Bernath,* 61 *Ga. App.* 350 (3) (6 S. E. 2d, 184). The plaintiff alleged that the defendant was indebted to him in the sum of $6,000 and the petition does not show that any expenses were incurred in making the sale. "An allegation in the petition that the defendant [plaintiff] is due a named amount as the unpaid purchase-price is not subject to demurrer upon the ground that it is not alleged what amounts the defendant has paid upon the automobile, and when such payments were made." *C. I. T. Corp.* v. *Davis,* 49 *Ga. App.* 634 (2) (176 S. E. 821). Whether or not there was any expense incurred in making the sale would seem to be a matter of affirmative defense, which the defendant could plead and which it was not necessary for the plaintiff to negative in his petition. See, in this connection, *Williams* v. *S. A. L. Ry. Co.,* 165 *Ga.* 655, 664 (141 S. E. 805) ; *Yatesville Banking Co.* v. *Fourth National Bank,* 10 *Ga. App.* 1 (2) (72 S. E. 528). General allegations are sufficient as against a general demurrer. *Morgan* v. *Limbaugh,* 75 *Ga. App.* 663 (44 S. E. 2d, 394). If the defendant desired allegations as to expenses, it should have sought such information by a special demurrer and not by a general demurrer. The allegations of the petition, that the defendant had all the records pertaining to the sale and calling upon the defendant for the production of such records into court to be used as evidence by the plaintiff, put the defendant on notice that if, as a matter of

fact, any expenses had been incurred in making the sale that fact could be developed upon the trial.

If a petition sets forth a cause of action either ex contractu or ex delicto, it will withstand a general demurrer. *Citizens & Southern Bank* v. *Union Warehouse &c. Co.*, 157 *Ga.* 434 (6) (122 S. E. 327); *Wometco Theatres Inc.* v. *United Artists Corp.*, 53 *Ga. App.* 509, 511 (186 S. E. 572). In determining whether a cause of action is set forth as against a general demurrer the courts have generally stated that all a plaintiff need allege is facts showing the existence of a duty owing by the defendant, a violation of that duty and damages resulting from that violation. 41 Am. Jur., Pleading, § 78. We think the petition in this case successfully meets this test. The petition is not so vague and indefinite as to come within the rule stated in *Johnson* v. *Edwards*, 147 *Ga.* 438 (94 S. E. 554).

2. Defendant further contends that the petition failed to allege that the contract was in force at the time of the sale. We do not agree with this contention. The petition alleged: "The said defendant company by its president, J. C. Pirkle, acting under the agreement had with plaintiff, did find a buyer for the said 'twenty whiting cards'." Such a general allegation as to the existence of the contract at the time of the sale is sufficient as against a general demurrer.

3. Defendant's third contention is likewise without merit. The contention is that the petition fails to describe the property with sufficient certainty in that it alleges that the cards were located at Newnan "or" Whitesburg, Georgia, and the defendant is unable to tell whether the petition is referring to the machinery in Newnan or the machinery in Whitesburg. The same is true as to the allegations respecting the owner, A. L. Fuller, who allegedly lived in Whitesburg "and/or" Newnan. Georgia. Even if the petition in this respect is subject to criticism, we are of the opinion that such defects should have been objected to by special demurrer and not by general demurrer as in this case.

The trial court did not err in overruling the general demurrer to the petition as amended.

This case was considered by the whole court as provided by the act approved March 8, 1945, Ga. L. 1945, p. 232.

*Judgment affirmed. Sutton, C. J., MacIntyre, P. J., Gardner and Townsend, JJ., concur. Felton, J., dissents.*

516

FELTON, J., dissenting. I think the first contention of the plaintiff in error is well taken. "Although in code States pleadings are to be liberally construed so far as concerns matters of form, it is of course obvious that this rule does not dispense with the necessity of pleading; and so, under this rule essential averments lacking in a pleading can not be construed into it." 21 R. C. L. 466, § 32. "The court, in passing on the sufficiency of the allegations to make out a case, should keep in mind the principle that every material fact which goes to constitute the plaintiff's cause of action must be alleged; that is, he must sufficiently allege every fact which he would be required to prove in order to recover. *Groover* v. *Simmons*, 163 *Ga.* 778 (137 S. E. 237)." *Gulf Life Insurance Co.* v. *Davis*, 52 *Ga. App.* 464, 466 (183 S. E. 640). In the instant case, the petition alleged a breach of a brokerage contract whereby the defendant was to find a buyer and consummate the sale of certain machinery and that the 10% commission was to be split fifty-fifty between plaintiff and defendant, *"less whatever expense had been incurred in negotiating and closing said sale."* The petition failed to set out the amount of expense, if any, incurred by the defendant in consummating the sale. The complaint does, however, allege a notice to produce all records and transactions relating to the sale from which an inference might be drawn that plaintiff was ignorant of the amount of the expense, if any, incurred by the defendant since such knowledge was solely in defendant's possession, but as has been stated above, essential averments cannot be construed into the petition but must be expressly alleged. While this rule of pleading may be different in other jurisdictions in that facts resting peculiarly within the knowledge of the opposite party may be entirely omitted from a petition, the rule in this State, as I understand it, is that material facts must be alleged even though in general terms or if petitioner is ignorant of those facts he must expressly say so and give the reason for failing to allege them. "Many facts especially those resting peculiarly within the knowledge of the opposite party, may be alleged in general terms; *but they should be alleged as facts,* not merely as legal conclusions." *Cedartown Cotton & Export Co.* v. *Miles,* 2 *Ga. App.* 79 (58 S. E. 289). [Italics ours.]

In the case at bar the petition failed to allege the amount of

the expense incurred or that the information was solely in the possession of the defendant and that for that reason plaintiff was unable to allege same. Construing the petition most strongly against the pleader, it fails to set forth a cause of action and is subject to a general demurrer. Under the allegations of this petition the expenses could have been greater than the amount of the commissions earned; and if this be the case then the plaintiff would have no cause of action against the defendant. The petition should have alleged specifically that the expense incurred was less than the commissions in order to show an amount due the plaintiff. The effect of the majority ruling is to presume that the expenses were less than the commissions, as against a general demurrer.