35604. EDMONDS *v.* ATLANTA NEWSPAPERS, INC., *et al.*

DECIDED MAY 2, 1955.

18

*W. L. Nix*, for plaintiff in error.

Arnold & Gambrell, Allison & Pittard, R. F. Duncan, Jack Holland, contra.

CARLISLE, J. ■ A judgment "dismissing" a suit "on the ground [that] the evidence fails to support the petition," is to be construed as a judgment of nonsuit and not as a judgment on the merits of the plaintiff's right to recover as a matter of law under the allegations of his petition. *Alabama Great Southern R. Co.* v. *Blivens*, 92 *Ga.* 522 (17 S. E. 836); *Zachry* v. *Mayor &c. of Madison*, 18 *Ga. App.* 490, 491 (2) (89 S. E. 594); *Carter* v. *Spiegel, May Stern Co.*, 45 *Ga. App.* 754 (166 S. E. 34); *Phipps* v. *Alford*, 95 *Ga.* 215 (22 S. E. 152); *Kelly* v. *Strouse & Bros.*, 116 *Ga.* 872 (4b) (43 S. E. 280). Under an application of that rule of construction of judgments, the sole question for determination by this court, under the assignment of error contained in

the bill of exceptions, is whether the judgment complained of, construed as one of nonsuit, was proper.

■ "An essential ingredient of an action for libel is malice, express or implied ( . ·. . [Code § 105-701]); *State Mutual Life Assn. v. Baldwin,* 116 *Ga.* 855 (1), 43 S. E. 262) . . . ; but where the language used is actionable per se, malice is implied, except where the occasion of the utterance renders it privileged, in which case, while the occasion does not excuse if the accusation is maliciously made ( . . . [Code § 105-710]), the burden is put upon the plaintiff to establish malice. *Lester v. Thurmond,* 51 *Ga.* 118; *Hendrix v. Daughtry,* 3 *Ga. App.* 481, 482 (60 S. E. 206)." *Ivester v. Coe,* 33 *Ga. App.* 620 (2) (127 S. E. 790). Therefore, if the news story concerning Parker Edmonds, Jr., was uttered on a privileged occasion, it would be incumbent upon the plaintiff in this case to establish express malice. If the occasion of the utterance was not privileged and was of such nature as to charge the plaintiff with a crime, malice would, of course, be implied.

"The privilege extended newspapers under Code §§ 105-704 and 105-709 to fairly and honestly report judicial proceedings is a conditional and not an absolute privilege. . . Such conditional privilege is not a right to publish but is rather the right to be free from legal liability for libel when such publication is done fairly and honestly and bona fide in the process of news dissemination." *Atlanta Journal Co. v. Doyal,* 82 *Ga. App.* 321 (60 S. E. 2d 802).

The gist of the plaintiff's cause of action is that the defendant reporter in reporting the record in the court proceeding against Parker Edmonds, Jr., and the information received from the police authorities concerning the charge of disorderly conduct lodged against Parker Edmonds, Jr., knew that the charge had not been made against the plaintiff, but maliciously made it to appear so in his news story which was published in the Atlanta Constitution.

From the plaintiff's evidence—the defendants produced no evidence on the trial—it appears that the record of the charge (disorderly conduct—disturbing the peace) on file in the office of the ·police department of the City of Lawrenceville shows the charge to have been made against one Parker Edmonds, Jr., a

white male, 17 years of age. It appears further that the reporter obtained the information, that the disorderly conduct and disturbance of the peace consisted of burning a cross in a Negro section of the City of Lawrenceville, from the chief of police and another officer who were on duty at the time of.the reporter's investigation; and, that, although those officers were not the first ones to begin the investigation of the disturbance of the peace, the matter was turned over to them when the officers who had begun the investigation went off duty. Consequently, it appears from the plaintiff's own evidence that the reporter's communication to the defendant corporation, which was published by the defendant corporation in the Atlanta Constitution was a fair and honest report of information obtained from police records and police authorities and privileged. See, in this connection, *Atlanta News Co.* v. *Medlock*, 123 *Ga.* 714, 721 (51 S. E. 756), and citations.

As the reporter's news story is shown by the plaintiff's own evidence to have been privileged, malice will not be implied in its utterance although it charges the commission of a crime. In such circumstances, as we have said, it is incumbent upon the plaintiff to show actual or express malice. *Ivester* v. *Coe*, supra; *Lamb* v. *Fedderwitz*, 68 *Ga. App.* 233 (22 S. E. 2d 657) ; *Fedderwitz* v. *Lamb*, 195 *Ga.* 691 (25 S. E. 2d 414). This, we think, the evidence failed entirely to establish. While it is shown that the reporter, who was 44 years of age at the time, and the plaintiff, who was 43 years of age, had grown up together in Lawrenceville, and it is shown that the reporter knew the plaintiff's father and the plaintiff's son, and that they all bore the same name, differing only in that one was the senior, one the junior, and the other the third, there is evidence that the reporter never thought of them in those terms, and there is no evidence whatsoever that the reporter bore any of them any malice, as there is no showing of any hostility or animosity existing between them at any time. While the second publication of the incident of the cross-burning did not refer to those accused as young men, the first expressly referred to them as such, and this, we think, rather tends to show the reporter's good faith than any malice. Few people refer to a man of 43 with a son of 17 as a "young man." As the plaintiff failed to establish the essential

ingredient of express or actual malice, which he had charged in his petition, the trial court committed no error in granting a nonsuit, although the nonsuit was improperly designated a dismissal. *Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*