19240. CAIN *et al.* *v.* PHILLIPS.

ARGUED FEBRUARY 13, 1956—DECIDED APRIL 9, 1956.

*Oliver, Davis & Maner,* for plaintiff in error.

*Frank O. Downing,* contra.

WYATT, Presiding Justice. It will appear from the above statement of facts that the grounds of the motions to dismiss here insisted upon have already been ruled upon by the trial court. That judgment was affirmed by this court in *Cain* v. *Phillips,* 211 *Ga.* 806 (89 S. E. 2d 163). While it is true that the opinion in *Cain* v. *Phillips,* supra, states that, if the motions were still insisted upon after the amendments were filed, they should have been renewed, and that, since they had not been renewed, there was nothing for decision by this court, the judgment of the trial court was still affirmed. This presents a different question than would have been presented if the bill of exceptions in the former appearance had been dismissed.

This court has held a number of times that, if a defendant by demurrer calls into question the sufficiency of a petition and the court renders a decision, whether right or wrong, holding that the petition sets out a cause of action, the defendant is precluded from again challenging the sufficiency of the petition so long as that decision stands unreversed. See, in this connection, *Georgia Northern Ry. Co.* v. *Hutchins & Jenkins,* 119 *Ga.* 504 (46 S. E. 659); *Sims* v. *Georgia Ry. &c. Co.,* 123 *Ga.* 643 (51 S. E. 573); *Turner* v. *Willingham,* 148 *Ga.* 274 (96 S. E. 565); *Kelly* v. *Strouse,* 116 *Ga.* 872 (43 S. E. 280). In the instant case, we have a decision by the trial court, holding the petition to set out a cause of action, that stands unreversed. Under the cases above cited, the defendants cannot again attack the sufficiency of the

petition by renewing their motion to dismiss. Accordingly, the judgment of the trial court denying the motions to dismiss was not error.

*Judgment affirmed. All the Justices concur.*