37548, 37570.   THEO *et al.* *v.* NATIONAL UNION FIRE INSURANCE COMPANY; and *vice versa.*

Decided March 18, 1959—Rehearing denied April 1, 1959.

*Grady E. Rozar*, for plaintiffs in error.

*Smith, Field, Doremus & Ringel, Palmer H. Ansley, H. A. Stephens, Jr.*, contra.

CARLISLE, Judge. ■ ■ The policy sued on covered all direct loss to the property caused by vandalism and malicious mischief and by collapse of the building or any part thereof. The allegations of the first count of the petition as amended were sufficient to show a valid and subsisting contract which created a duty on the part of the defendant to pay for any loss or damage occasioned by these causes, and alleged facts showing the occurrence of a loss with respect to the building located on Poole Creek Road covered by the policy sued on. As was said by Judge Parker in *J. C. Pirkle &c. Co. v. Lester*, 79 *Ga. App.* 512, 515 (54 S. E. 2d 298), "In determining whether a cause of action is set forth as against a general demurrer the courts have generally stated that all a plaintiff need allege is facts showing the existence of a duty owing by the defendant, a violation of

that duty and damages resulting from that violation. 41 Am. Jur., Pleadings, § 78." In the instant case, the contract created the duty on the part of the defendant to repay the plaintiffs for their loss up to the limits of the policy upon the occurrence of a loss insured thereby, and count 1 of the petition alleged the occurrence of such a loss as to the "Poole Creek Road house."

The policy sued on contained the provision that the insured must give immediate written notice to the company of any loss and within 60 days after the loss, unless such time be extended in writing by the company, the insured must render to the company a sworn proof of loss setting out therein specified information. The policy contained no provision forfeiting it for failure to submit the proof of loss within 60 days, but did contain other provisions providing for forfeiture for concealment of material facts, either before or after the loss and for fraud or false swearing by the insured relating thereto. "In the absence of an express stipulation in an insurance policy that the furnishing of a notice, or a proof of loss within the time specified shall be a condition precedent to a recovery, a provision merely that no suit shall be brought on the policy unless all of its requirements have been complied with will not bar an action where the insured failed to furnish the notice or proof within the time required, provided that he did so within a reasonable time after the loss, and in accordance with any other provisions in the policy fixing the beginning of liability at a specified time after receipt of notice or proof of loss and limiting the time for suit after the loss." *Godley* v. *North River Ins. Co.*, 51 *Ga. App.* 242 (1) (180 S. E. 385). Under the foregoing rule the allegations of the petition in this case were sufficient, if proved, to authorize the jury to find that the plaintiffs had submitted the proofs of loss within a reasonable time after the loss. Since the policy did not provide for a forfeiture for failure to submit proofs within the 60-day period, the petition alleging facts respecting the submission of proofs of loss to the adjuster some six months after the loss and at the time he investigated the loss, was sufficient as against the general demurrer, and the trial court did not err in overruling the general demurrer to the first count thereof. See *Boston Ins. Co.* v. *Harmon*, 66 *Ga. App.* 383, 395

(18 S. E. 2d 84) ; *Southern Fire Ins. Co.* v. *Knight,* 111 *Ga.* 622 (1) (36 S. E. 821, 52 L.R.A. 70, 78 Am. St. Rep. 216) ; and *Harp* v. *Fireman's Fund Ins. Co.,* 130 *Ga.* 726 (1) (61 S. E. 704, 14 Ann. Cas. 299).

■ As to the allegations of count 2 of the petition which sought to recover for the loss of bathroom fixtures, kitchen sink, plumbing, electric hot water heater, electric refrigerator and window frames and a 50-foot length of sewer pipe, the allegations of this count that these items were found by the plaintiff to be "missing", when properly construed, can mean only that the loss with respect to these items and in connection with the Gilbert Road house was due to burglary or theft, which, under the provisions of the policy which are quoted above, clearly was not covered. It follows that the trial court erred in overruling the general demurrer as to count 2 of the petition.

■ The defendants contend in their cross-bill of exceptions that the trial court erred in refusing to try what they denominate as a "plea in abatement" separately. This plea did not raise any issue which it would have been proper to try separately. In the face of the allegations of the amended petition respecting the making of a proof of loss to the adjuster at the time he came to investigate and adjust the loss, this plea amounted to no more than a denial of those allegations of the petition. It raised an issue as to the merits of the case itself and not merely as to the propriety of this proceeding. A plea in abatement is a dilatory plea. " 'Dilatory pleas' are such as tend merely to defeat plaintiff's remedy or to delay or put off the suit by questioning the propriety of the remedy rather than by denying the injury; they are merely preliminary steps in the action prior to its substantial defense.

"Pleas in abatement are, likewise, such as only go to defeat the pending action for the time being and question the right to maintain it without going to the merits of the action or tending to show that plaintiff has no cause of action." 1 C. J. S. 27, 28, Abatement and Revival, § 1b. Dilatory pleas are such as may be tried separately from the main case. The so-called "plea in abatement" filed by the defendant in this case, in view of the allegations of the amended petition, if sustained, would have

terminated the plaintiff's case. It was a plea to the merits of the plaintiff's action, and it was neither necessary nor proper for it to be tried separately from the other issues raised by the answer of the defendant. It follows that the trial court did not err in denying the request of the defendant to try the "plea in abatement" separately.

■ It is an elementary principle of law that a general demurrer tests the sufficiency of a pleading to set out a cause of action or a defense (Code § 81-304; *J. C. Pirkle &c. Co. v. Lester,* 79 *Ga. App.* 512, 514, supra), and where the defendant's general demurrer has been overruled, that judgment, until it is reversed or modified by an appropriate proceeding in the appellate courts, is the law of the case and is an adjudication that the plaintiff is entitled to recover. *Turner* v. *Willingham,* 148 *Ga.* 274 (2) (96 S. E. 565). It was, therefore, error for the trial court to grant the defendant's motion to dismiss the case at the close of the plaintiff's evidence in the face of the prior unreversed and unexcepted to rulings that the petition set forth a cause of action. *Marchant* v. *New York Life Ins. Co.,* 42 *Ga. App.* 11 (1) (155 S. E. 221). Even if the ruling complained of be treated as the defendant contends it should, as equivalent to the granting of a nonsuit (*Alabama Great Southern Railroad Co.* v. *Blevins,* 92 *Ga.* 522 (2), 17 S. E. 836; *Edmonds* v. *Atlanta Newspapers,* 92 *Ga. App.* 15, 19, 87 S. E. 2d 415), the evidence with respect to the damages claimed by the plaintiff under the first count was sufficient, at least, to authorize the jury to find some amount in favor of the plaintiff, and the judgment of the trial court, even though it be considered one of nonsuit merely, was erroneous. *Brooks* v. *Rawlings,* 138 *Ga.* 310 (75 S. E. 157).

It follows that the trial court erred in overruling the general demurrer to count 2 of the petition, and that all that occurred thereafter in the trial of the case with respect to count 2 and the claim of the plaintiff on account of the "missing" items from the "Gilbert Road house" was nugatory. Since, however, the evidence with respect to the plaintiff's claim on account of the damage by vandalism to the "Poole Creek Road house" was in some measure sustained by the evidence, the trial court erred

in dismissing the case or entering the judgment as of a nonsuit as to count 1 of the petition.

*Judgment reversed on the main bill of exceptions and judgment affirmed in part and reversed in part on the cross-bill of exceptions. Gardner, P. J., concurs. Townsend, J., concurs specially.*

TOWNSEND, Judge, concurring specially. As stated in the majority opinion, this insurance policy covers the peril of "burglars" except as to property taken by burglars, and the perils of vandalism and malicious mischief, except for a loss by pilferage, theft, burglary or larceny in connection therewith. The items listed which were found missing, such as the sink, refrigerator, water heater and so on, are accordingly not covered under this policy. But it is further alleged that the plaintiff "found two doors damaged, walls and floor in bathrooms heavily damaged by some heavy instrument resulting in large holes in the walls and floors." This is the sort of damage which would be covered under both the burglary and vandalism coverages, and which the company would be liable to pay under its contract if a proper claim had been made against it. All that the plaintiff alleges in this regard is that he "made a demand for $1,500, the same representing the actual value of the property listed in paragraph 3 of count II." Construing this allegation against the pleader, it appears that the plaintiff made a demand for the value of the property stolen and not a demand for the amount of damage caused to the remaining real estate. For this reason alone I concur in the judgment of reversal as to count 2 of the petition.