44841.   PACIFIC INDEMNITY COMPANY et al.
v. N. A., INC.

ARGUED OCTOBER 6, 1969—DECIDED NOVEMBER 20, 1969—
REHEARING DENIED DECEMBER 10, 1969—

794

*Jay M. Sawilowsky,* for appellants.

*Hull, Towill & Norman, Patrick J. Rice,* for appellee.

BELL, Chief Judge. ■ The main question presented is whether the damage claimed was covered by the insurance contracts. Plaintiff argues that he is suing for the wilful and malicious damage to the flashing and the buildings and not solely for the theft or removal of the flashing. Defendants contend that the loss is an act of theft or vandalism in the course of theft which is expressly excluded under the vandalism coverage of the policies.

If the terms of an insurance contract are unambiguous we must construe them to mean what they say. *State Farm Mut. Auto. Ins. Co. v. Sewell,* 223 Ga. 31 (153 SE2d 432); *American Motorist Ins. Co. v. Vermont,* 115 Ga. App. 663, 664 (155 SE2d 675); *Cherokee Life Ins. Co. v. Baker,* 119 Ga. App. 579, 582 (168 SE2d 171). The policies define vandalism and malicious mischief in identical terms as the wilful and malicious damage or destruction of the property insured. Immediately following the definitions, there are exclusions for loss by pilferage, theft, larceny and burglary except wilful damage to the buildings caused by burglars. Burglary is not involved in this case as there is no evidence whatsoever indicating burglary.

The exclusionary provisions were inserted for a purpose and, by their plain and unambiguous language, the purpose was to exclude loss by injury to or destruction to the insured premises by theft or occurring in connection with theft. While we recognize that the cutting and tearing away of the copper flashing may have caused other damage to the buildings, if the event that inflicted the damage is excluded by the express terms of the policies, there can be no recovery. Both sides rely upon the decision of this court in *Theo v. Nat. Union Fire Ins. Co.*, 99 Ga. App. 342 (109 SE2d 53). This case involved a vandalism clause and an exclusion clause similar to the ones considered here. In *Theo*, plaintiff sought recovery for the loss of plumbing fixtures and other personal property stolen from within an insured house by burglars or thieves. The court held that recovery for these items was excluded by the provisions of that policy. That decision, while factually different, is consistent with our determination in this instance that if injury to the premises occurred incident to a theft, the loss is clearly not covered. Plaintiff places reliance on a special concurrence in the *Theo* case which is, of course, not binding as precedent. All other cases cited by plaintiff from this and other jurisdictions concern policy provisions and facts which are clearly distinguishable from the case at bar.

2. Plaintiff contends that defendants have not sustained their burden of establishing their defense under an exclusion to the policy. *American Fire &c. Co. v. Barfield*, 81 Ga. App. 887, 892 (60 SE2d 383); *Livaditis v. American Cas. Co.*, 117 Ga. App. 297, 300 (160 SE2d 449). On summary judgment the burden of proof is on the movant to establish a lack of genuine issue of material fact and a right to judgment as a matter of law. *International Brotherhood v. Newman*, 116 Ga. App. 590, 592 (158 SE2d 298); *Chapman v. Turnbull Elevator, Inc.*, 116 Ga. App. 661, 666 (158 SE2d 438); *Sanfrantello v. Sears, Roebuck & Co.*, 118 Ga. App. 205 (1) (163 SE2d 256). The defendants have met their burden. The uncontradicted evidence considered at the hearing on the motions for summary judgment showed that a substantial amount of copper flashing was wilfully and maliciously cut and torn away from plaintiff's buildings in

which it was embedded and completely removed from the premises. The loss was reported to the police and none of the flashing carried away was ever recovered. Also the evidence shows that the copper flashing had value as scrap metal. While this evidence is circumstantial, the only conclusion that can be drawn from these facts is that the carrying away of this property was an act of theft. Therefore a finding is demanded that the vandalism loss complained of was caused by theft. Consequently there is no genuine issue of material fact, and the defendants not being liable under the policies are entitled to judgment as a matter of law.

3. Defendants' other enumerations of error are rendered moot by our holdings in Divisions 1 and 2 of this opinion.

*Judgment reversed with direction that judgment be entered for the defendants. Eberhardt and Deen, JJ., concur.*