PER CURIAM.
General Star Indemnity Company appeals a judgment awarding its insured, Solomon Zelonker, damages under an insurance policy. We affirm in part and reverse in part.
Zelonker owned a warehouse which General Star insured under a named peril insurance policy. Zelonker submitted a claim after unknown individuals came to the warehouse, stole copper electric wires, and damaged an air-conditioning unit. General Star denied the claim, contending that there was no coverage for it.
Zelonker brought suit and recovered a verdict for $5500. General Star has appealed.
General Star contends that its motion for directed verdict should have been granted, because the policy does not provide coverage for a theft loss. The insurance policy states, in relevant part:
A. Covered Causes of Loss
[[Image here]]
8. Vandalism meaning willful and malicious damage to, or destruction of, the described property.
We will not pay for loss or damage:
[[Image here]]
b. Caused by or resulting from theft, except for building damage caused by the breaking in or exiting of burglars.
The evidence showed that unknown persons broke open the electric meter box and some electric conduits, pulled out the copper electric wire, and stole it. When such copper wiring is stolen, it is generally for the purpose of selling it for scrap.
We agree with General Star that this part of the insurance claim was not covered. The holes in the meter box and electrical conduit were created in order to allow the thieves to pull out the copper wiring. On plain reading, this was “damage ... [c]aused by or resulting from theft....” See Smith v. Shelby Ins. Co., 986 S.W.2d 261, 265 (Tenn.Ct.App.1996); Pacific Indem. Co. v. N.A., Inc., 120 Ga. App. 793, 172 S.E.2d 192, 194 (1969).
Zelonker argues that the thieves could have stolen the electrical wire without doing any damage, if they had used proper tools to take the meter box apart and open the electrical conduit. But that is beside the point. The policy excludes payment for damage caused by or resulting from theft — which is what occurred in this case.
Zelonker argues that under the definitions contained in the policy, there is coverage. Zelonker points out that under the policy, fixtures are considered to be part of the building. Zelonker contends that when the thieves broke into the meter box and conduit, this constituted breaking into the building itself. While the policy excludes payment for damage caused by theft, there is an exception which states, “except for building damage caused by the breaking in or exiting of burglars.” Zel-onker contends that breaking the meter box and electrical conduit constituted the breaking in of burglars, and thus there is coverage.
We do not agree with that argument. The policy provides coverage for “building damage caused by the breaking in or exiting of burglars.” We think the plain meaning of this provision is that the policy provides coverage where thieves bodily enter or exit the building, as by breaking a door or window. It does not apply to the breakage of the meter box or electric conduit. “[T]he terms of the contract must be given their everyday meaning and read in light of the skill and expe *1095 rience of ordinary people.” Lindheimer v. St. Paul Fire and Marine Ins. Co., 643 So.2d 636, 638 (Fla. 3d DCA 1994) (en banc). We conclude that General Star was entitled to a directed verdict on the claim relating to the theft of the electric wires.
We reach a different conclusion with regard to the air conditioner. It had received significant damage and had to be replaced. The evidence was ambiguous about whether any components of the air conditioner had actually been stolen. On the evidence presented, it was a jury question whether the damage to the air-conditioning unit resulted from theft (which is not covered), or vandalism (which is covered). The motion for directed verdict was properly denied on this issue.
General Star contends there was an agreement at the start of trial that any reduction on account of the insurance policy deductible and coinsurance would be done by motion after the verdict. The insurer argues that the trial court erred by denying its post-trial motion.
We conclude that the insurer is not entitled to relief on these points. As we read the transcript, there was no agreement for a post-verdict reduction on account of the insurance policy deductible. The transcript does reflect an agreement that a reduction for coinsurance would be taken care of by post-verdict motion. However, the coinsurance clause in this case is a complicated provision which is designed to assure that the property is being insured at, or near, its full value. If it is, then there is no reduction to the insurance claim, but if it is not, then there is a formula for reduction. Since General Star’s post-verdict motion did not demonstrate any entitlement to reduction of the insurance amount under this provision, the trial court properly denied it.
General Star also argues that there should have been a directed verdict in its favor on the fact that the insurance policy did not provide coverage for building code upgrades which were necessary as part of the damage repair. This claim is moot with regard to the issue of the electrical wiring, and did not relate to the issue of the air-conditioning repair.
General Star contends that the police report in this case should have' been admitted into evidence. General Star wanted to introduce it because it contained an admission by Zelonker that there- had been a theft of the electrical wires. The report was cumulative of other evidence on the same point, and the issue is now moot in view of our determination that there was no coverage with respect to the electrical wires.
General Star requests a new trial on the basis of unobjected-to arguments by Zel-onker to the jury. We affirm on that issue on authority of Murphy v. Int’l Robotic Sys., Inc., 766 So.2d 1010 (Fla.2000).
For the reasons stated, we reverse the judgment in part and remand with directions to reduce the damage award to the amount supported by the evidence with respect to the damage to the air-conditioning unit.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.